FILED
JUL 13 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND



Received
FILED
JUL 13 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1  Eric Duarte, T24814
2  Corcoran/SHU 4B-4
3  P.O. Box 3481
4  Corcoran, California 93212
5  In Pro. se.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| Eric Duarte, | CASE NO. C05-1374 CW (PR) |
|---|---|
| Plaintiff | AMENDED COMPLAINT TO add |
| v. | and NAME Doe DEFENDANTS |
| Laura Smith, sheriff of Santa Clara County, et al, | under Civil Rights action 42 U.S.C § 1983. |
| DEFENDANTS. | |

"INTRODUCTION"

This is an action by Eric Duarte, a former inmate of the Santa Clara County Department of Correction. Alleging that correctional officer and medical staff unduly delayed him medical treatment for a broken foot and caused him pain and suffering by forcing him to walk on his broken foot several times before receiving medical treatment, and after receiving medical treatment.

Plaintiff first named Laura Smith and Wong as Defendant in his original complaint, Doe Defendants were dismissed

1

1 without Prejudice. Plaintiff Herein names those
2 defendants so far identified through Discovery, and
3 intends to name other Doe defendants through further
4 Discovery when received from defendants.

## "LEGAL ARGUMENT"

The use of Doe defendants is not favored in the Ninth Circuit. See: Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the Plaintiff should be given an opportunity through Discovery to identify them. Id. Failure to afford the Plaintiff such an opportunity is error. See: Wakefield v. Thompson, 177 F.3d 1160, 1163. (9th Cir. 1999). See also: Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003). Plaintiff Herein identifies those Doe defendants as follows:

Doe Defendant No. 1:
Plaintiff names correctional officer (c/o) "Gill" Badge no. 2528. c/o Gill was the c/o Responsible for the security and safety of Plaintiff on night of injury 10/27/04 at 2130 hrs. when notified of injury at 2130 hrs. c/o Gill to no steps to immediately call for medical assistance, Rather by His own words " c/o Gill secured Plaintiff and inmate "Casarez" and Brought them Back to their cells". (walking)

Doe Defendant No. 2:

2

1. Plaintiff names "Control and Sergeant (SGT)
2. Csabanyi, Badge no. 1594. (SGT) Csabanyi,
3. interfered with and contributed by refusing
4. Plaintiff medical emergency treatment for severe
5. pain (fractured foot). By agreeing and/or writing
6. the following statement dated 10/27/04 at 2200
7. hrs. ("Recently sentenced to 460 years security
8. Risk if transported to VMC !").
9.   Doe Defendant No. 3:
10. Plaintiff names Nurse "Myrna" as a Defendant.
11. Nurse "Myrna" was responding nurse to Plaintiff's
12. injury on 10/27/04 at 2210 hrs. in 3rd East Max
13. Main Jail South. Nurse "Myrna" took no further
14. steps to secure Plaintiff's left foot, address the
15. obvious pain Plaintiff was in, nor call for emergency
16. medical help. Only noting that she noticed swelling
17. and a sprain of left foot.
18.   Doe Defendant No. 4:
19. Plaintiff names Doctor "Nguyen" as a Defendant.
20. On 10/28/04 at 1445 hrs. Doctor "Nguyen" viewed
21. X-Ray(s) of left foot, X-Ray(s) show a fracture of
22. the 5th Metatorsal.. Doctor Nguyen took no
23. medical preventions to secure Plaintiff's foot by
24. placing a splint or any other medical remedy.
25. Correctional officers were then allowed to make
26. Plaintiff walk in leg Irons back to his cell in 3rd
27. East Max. without any type of assistance
28.   Doe Defendant No. 5:

1  PLAINTIFF NAMES correctional officer (C/O) Bevan
2  Badge no. 1597. AS A DEFENDANT. C/O BEVAN
3  and ANother C/O NOT yet identified, were the
4  escorting officers of Plaintiff to and from
5  Valley Medical Hospital (VMC). These C/O's saw
6  the pain and suffering Plaintiff was in, and
7  the extreme dificulty of walking, they did
8  nothing to assist Plaintiff, infact forced
9  Plaintiff to walk, and step up into and out of
10 the van. Then to and from Valley Medical
11 Hospital (V.M.C).
12      Plaintiff does not waive any rights
13 to name DOE DEFENDANTS NOT yet named in
14 this complaint. Plaintiff is still waiting for
15 Defendants to fully comply by sending other
16 Discovery material.
17      The foregoing is true and correct. under
18 Penalty of Perjury under the laws of the United
19 States.
20
21
22
23
24 DATED: July 10, 2006              Respectfully submitted
25                                  Eric Duarte
26                                  Eric Duarte, T24814
27                                  In Pro-se
28

4

# Proof of Service By Mail

ERIC DUARTE v. LAURA SMITH, SHERIFF OF SANTA CLARA COUNTY, et al. — CASE NO. C05-1374 CW (PR).

I, ERIC DUARTE, declare: I am over the age of 18 years, and a party to this action. On July 10, 2006, I served the attached: "Amended Complaint to add, and name Doe Defendants under Civil Rights Action" 42 U.S.C. §1983."

On the parties herein by placing true and correct hand written copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail. The envelope was addressed as follows:

Honorable Justice, Claudia Wilken
U.S. District Court, Northern
District of California.
1301 Clay St. Suite, 400 S
Oakland, California. 94612-5212

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 19, 2006

Respectfully submitted

*Eric Duarte*

Eric Duarte, T24814
In Pro-se.