ANN MILLER RAVEL, County Counsel (S.B. #62139)
NEYSA A. FLIGOR, Deputy County Counsel (S.B. #215876)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding, East Wing, Ninth Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Attorneys for Defendants
OFFICER MARTYN BEVAN AND
OFFICER HARPREET GILL

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE)

| | |
|---|---|
| ERIC DUARTE,<br><br>  Plaintiff,<br><br>v.<br><br>LAURA SMITH SHERIFF OF SANTA CLARA COUNTY, et al.<br><br>  Defendants. | No.  C 05-01374 JF<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS OFFICER MARTYN BEVAN AND OFFICER HARPREET GILL AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: Honorable Jeremy Fogel<br>Courtroom 3, 5th Floor<br>Hearing Date: Not Applicable |

Notice of Motion and Motion for Summary Judgment of Defendants
Officer Martyn Bevan and Officer Harpreet Gill and Memorandum
of Points and Authorities in Support Thereof                         C 05-01374 JF

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................ ii

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS' OFFICER MARTYN BEVAN AND OFFICER HARPREET GILL ................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' OFFICER MARTYN BEVAN AND OFFICER HARPREET GILL MOTION FOR SUMMARY JUDGMENT ................................................................ 2

    I. INTRODUCTION ................................................................ 2

    II. ISSUE PRESENTED ................................................................ 2

    III. PROCEDURAL HISTORY ................................................................ 2

    IV. STATEMENT OF FACTS ................................................................ 3

    V. STANDARD OF REVIEW ................................................................ 5

    VI. ARGUMENT ................................................................ 5

        A. PLAINTIFF DID NOT SUFFER A CONSTITUTIONAL DEPRIVATION ................................................................ 5

            1. Plaintiff Cannot Establish That Defendants Were Deliberately Indifferent to His Medical Need ................................................................ 6

            2. Officers Gill and Bevan Were Not Deliberately Indifferent to Plaintiff's Medical Needs ................................................................ 8

            3. Plaintiff Has Not Established That The Alleged Deprivations were Sufficiently Serious to Give Rise to a Constitutional Violation ................................................................ 10

    VII. CONCLUSION ................................................................ 11

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Notice of Motion and Motion for Summary Judgment of Defendants
Officer Martyn Bevan and Officer Harpreet Gill and Memorandum
of Points and Authorities in Support Thereof    i    C 05-01374 JF

# TABLE OF AUTHORITIES

**CASES**

*Celetex Corp. v. Catrett*
    477 U.S. 317 (1986) .................................................. 5

*Estate of Cole v. Fromm*
    94 F.3d 254 (7th Cir. 1996) .......................................... 8

*Estelle v. Gamble*
    429 U.S. 97 (1976) ............................................ 6-8, 10

*Farmer v. Brennan*
    511 U.S. 825 (1994) .................................................. 6

*Haley v. Feinerman*
    168 Fed. Appx. 113 (7th Cir. 2006) .................................. 8

*Helling v. McKinney*
    509 U.S. 25 (1993) .............................................. 10, 11

*Henry v. County of San Mateo*
    2004 U.S. Dist. Lexis 1020 at *11 ............................. 6, 7, 10

*Hudson v. McMillian*
    503 U.S. 1 (1992) .................................................. 11

*Langston v. Peters*
    100 F.3d 1235 (7th Cir. 1996 ....................................... 11

*McGuckin v. Smith*
    974 F.2d 1050 (9th Cir. 1992) .................................... 7, 10

*Rhodes v. Chapman*
    452 U.S. 337 (1981) ................................................ 10

*West v. Atkins*
    487 U.S. 42 (1988) .................................................. 5

*Whitley v. Albers*
    475 U.S. 312 (1983) ................................................ 10

*WMX Technologies, Inc. v. Miller*
    104 F.3d 1133 (9th Cir. 1997) ....................................... 7

**STATUTES**

**STATE**

**Civil Code**

section 56(c) ......................................................... 5

/ / /

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Notice of Motion and Motion for Summary Judgment of Defendants
Officer Martyn Bevan and Officer Harpreet Gill and Memorandum
of Points and Authorities in Support Thereof     ii      C 05-01374 JF

**FEDERAL**

28 U.S.C. section 1915a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

42 U.S.C. section 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5, 7

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Notice of Motion and Motion for Summary Judgment of Defendants
Officer Martyn Bevan and Officer Harpreet Gill and Memorandum
of Points and Authorities in Support Thereof     iii      C 05-01374 JF

## NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS OFFICER MARTYN BEVAN AND OFFICER HARPREET GILL

TO PLAINTIFF IN PRO PER:

PLEASE TAKE NOTICE that Defendants Officer Martyn Bevan and Officer Harpreet Gill will and hereby do move this Court for summary judgment in regard to all claims for relief. This Motion is based on the ground that there is no genuine issue as to any material fact and that Officer Martyn Bevan and Officer Harpreet Gill are entitled to judgment as a matter of law.

This Motion is based on the Notice of Motion, Memorandum of Points and Authorities in Support of Motion for Summary Judgment, the Affidavits of Alexander Chyorny, M.D. and Carmen Gonzalez, and all papers and pleadings on file in this action. Defendants respectfully request that this Court grant their motion for summary judgment.

Dated: December 21, 2007

Respectfully submitted,

ANN MILLER RAVEL
County Counsel

By: _____
NEYSA A. FLIGOR
Deputy County Counsel

Attorneys for Defendants
OFFICER MARTYN BEVAN AND
OFFICER HARPREET GILL

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Notice of Motion and Motion for Summary Judgment of Defendants
Officer Martyn Bevan and Officer Harpreet Gill and Memorandum
of Points and Authorities in Support Thereof        1                       C 05-01374 JF

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS OFFICER MARTYN BEVAN AND OFFICER HARPREET GILL MOTION FOR SUMMARY JUDGMENT

## I.

## INTRODUCTION

Plaintiff Eric Duarte ("Plaintiff"), currently a state prisoner at Salinas Valley State Prison, brought this action pursuant to 42 U.S.C. § 1983 for alleged violations of his civil rights while in custody at the Santa Clara County Main Jail ("Main Jail"). Plaintiff alleges that Correctional Officers Martyn Bevan and Harpreet Gill ("Defendants") caused him unnecessary pain and suffering by unduly delaying medical treatment for an injured foot and forcing him to walk on it unassisted. Defendants are bringing this motion for summary judgment because Plaintiff cannot establish that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment.

## II.

## ISSUE PRESENTED

1. Plaintiff's due process right to medical care is only violated if Defendants were deliberately indifferent to a serious medical need and therefore subjected Plaintiff to cruel and unusual punishment. Is there any evidence that the conduct of Officer Bevan or Officer Gill violated Plaintiff's constitutional rights as required to sustain this claim?

## III.

## PROCEDURAL HISTORY

On or about April 5, 2005, Plaintiff filed a complaint in the U.S. District Court for the Northern District of California under 42 U.S.C. § 1983 alleging that various officials at the Main Jail violated his civil rights by denying him proper medical treatment for an injured foot. On or about February 24, 2006, after screening Plaintiff's complaint pursuant to 28 U.S.C. § 1915a, this Court issued an Order of Service ("Order"). The Court determined that "[l]iberally construed, Plaintiff's allegations present a cognizable claim for deliberate indifference to his serious medical needs," a violation of the Eighth Amendment's proscription against cruel and unusual punishment. (Order at 3:15-4:13.) The Court dismissed without prejudice Plaintiff's

Notice of Motion and Motion for Summary Judgment of Defendants
Officer Martyn Bevan and Officer Harpreet Gill and Memorandum
of Points and Authorities in Support Thereof          2          C 05-01374 JF

claims against unnamed defendants and limited the action to supervisory liability against defendants Sheriff Laurie Smith and Jail Commander Toby Wong. (*Id.* at 4:14-5:23.)

Sheriff Smith and Captain Wong filed their Answer on April 25, 2006. The Court ordered Sheriff Smith and Captain Wong to file a motion for summary judgment or other dispositive motion in this matter within 90 days of the date their answer was due. (Order at 8:8-10.) Sheriff Smith and Captain Wong's request for an extension of time to file their summary judgment motion was granted. Plaintiff filed a proposed amended Complaint to Add and Name Doe Defendants under Civil Rights Action 42 U.S.C. § 1983 on July 14, 2006. On September 6, 2006, Sheriff Smith and Captain Wong filed their summary judgment motion. On November 3, 2006, Plaintiff filed a request to voluntarily dismiss Sheriff Smith.

On September 25, 2007, the Court granted Captain Wong's motion for summary judgment with regard to the all claims and granted Plaintiff's request to voluntarily dismiss Sheriff Smith. Additionally, the Court dismissed proposed Doe defendant Csabanyi because Plaintiff failed to adequately state a claim for relief against him and found that proposed Doe defendants Nguyen and Nurse Myrna were entitled to summary judgment as a matter of law based on the facts already known in the case. The Court also granted Plaintiff's request to file his proposed amended complaint against Doe defendants Correctional Officers Bevan and Gill. On November 26, 2007, Officers Bevan and Gill filed an Answer to the Amended Complaint.

IV.

**STATEMENT OF FACTS**

In the autumn of 2004, Plaintiff was an inmate at the Main Jail. While playing handball in a jail recreation area at approximately 9:30 p.m. on October 27, 2004, Plaintiff fell and injured his left foot. (Affidavit of Carmen Gonzalez to Authenticate Medical Records in support of Defendants' (Toby Wong and Laurie Smith) Motion for Summary Judgment ¶¶ 1-6; Affidavit of Alexander Chyorny, M.D., in Support of Defendants' Motion for Summary Judgment ("Chyorny Aff.") ¶ 3.) After Plaintiff's injury, Officer Gill escorted Plaintiff back to his cell on foot. ("Amended Complaint to Add and Name Doe Defendants under Civil Rights Action 42 U.S.C. § 1983" filed on or about July 13, 2006 ("Amended Complaint") at p. 2.) After bringing

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Notice of Motion and Motion for Summary Judgment of Defendants
Officer Martyn Bevan and Officer Harpreet Gill and Memorandum
of Points and Authorities in Support Thereof        3             C 05-01374 JF

1  Plaintiff back to his cell, Officer Gill notified the medical staff of Plaintiff's injury. (Chyorny
2  Aff. ¶ 3, Exhibit A). At approximately 10:10 p.m., less than an hour after the injury, a nurse
3  attended to Plaintiff and gave him an ice pack. (Chyorny Aff. ¶ 4.) The nurse assessed a
4  possible fracture and arranged for Plaintiff to have an x-ray taken. (*Id.*) Because Plaintiff's
5  injury occurred late in the evening, an x-ray could not be taken until the following morning.
6  (*Id.* ¶ 5.) Earlier in the day, Plaintiff was administered three doses of Motrin, a pain reliever,
7  from a prescription he received for an injury sustained two weeks earlier. (*Id.* ¶¶ 6-7.)

8  The next day, Plaintiff was taken to the Main Jail infirmary to have an x-ray taken.
9  (Chyorny ¶ 8.) The x-ray results, which were returned in the afternoon, indicated a fracture of
10 Plaintiff's fifth metatarsal.[1] (*Id.*) Following standard procedure, infirmary staff referred
11 Plaintiff to Santa Clara Valley Medical Center ("VMC") for further treatment. (*Id.*) That same
12 day, Plaintiff was taken to VMC Emergency Department by Officer Bevan.[2] (*Id.* ¶ 8, Exh. E.)
13 After consulting with an orthopedist, VMC doctors diagnosed Plaintiff with an oblique fracture
14 of his left fifth metatarsal and gave him a hard-sole shoe to wear. (Chyorny Aff. ¶ 9.) Plaintiff
15 was also given prescriptions for Vicodin and Motrin and instructions to keep his foot rested,
16 iced, and elevated. (*Id.*) A follow-up appointment was made for the following week. (*Id.* ¶ 9)
17 When Plaintiff returned to the Main Jail, he was rehoused in a special medical unit and given a
18 wheelchair. (*Id.* ¶ 10.)

19 A few days later, on November 3, 2004, Plaintiff was seen by a doctor at the Main Jail
20 infirmary for a follow-up. (Chyorny Aff. ¶ 11.) Plaintiff told the doctor that he did not want a
21 cast for his foot because he did not want to remain in the special medical unit. (*Id.*) Plaintiff

---

[1] The fifth metatarsal is the bone on the outside of the foot that connects to the little toe. (Chyrony Aff. ¶ 8.)

[2] Plaintiff alleges there was a second officer who escorted him to VMC on October 28, 2004. To date, Plaintiff has not identified the second escorting officer and Defendants have not been able to ascertain his or her identity either. Because the same allegations are asserted against this unidentified officer and Officer Bevan, the arguments made on behalf of Officer Bevan should also apply to the unidentified officer. As demonstrated in this motion, Plaintiff has failed to demonstrate that his constitutional rights were violated by Officer Bevan. Accordingly, Plaintiff's allegations against the unidentified officer also fail.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Notice of Motion and Motion for Summary Judgment of Defendants
Officer Martyn Bevan and Officer Harpreet Gill and Memorandum
of Points and Authorities in Support Thereof        4                                    C 05-01374 JF

was told to comply with the orders of his VMC doctors. (*Id.*) The next morning, Plaintiff had a follow-up appointment at the VMC Orthopedic Clinic. (*Id.* ¶ 12.) Dr. David Sohn reviewed Plaintiff's condition and told him to wear his hard-sole shoe for five weeks. (*Id.*) Plaintiff was seen again by Main Jail medical staff the following day, where an orthopedist reviewed his x-rays and told Plaintiff to continue wearing his hard-sole shoe. (*Id.* ¶ 13.) After determining there was minimal displacement of the fracture, the orthopedist prescribed Motrin for Plaintiff's pain relief. (*Id.*)

One month later, Plaintiff received one final check-up at the Main Jail infirmary. (Chyomy Aff. ¶ 15.) The staff found Plaintiff to be ambulatory with a steady gait. (*Id.*) An orthopedist determined that Plaintiff no longer needed crutches and could be reassigned out of the special medical unit to live with the general inmate population. (*Id.* ¶ 16.) Plaintiff received no further medical treatment pertaining to his foot fracture. (*Id.* ¶ 17.)

## V.

## STANDARD OF REVIEW

A party moving for summary judgment is entitled to judgment as a matter of law if there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c). To avoid summary judgment, plaintiff must provide proof of specific facts establishing the existence of all essential elements for which he or she bears the burden of proof at trial. *Celetex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Plaintiff may not simply rely on the allegations made in his complaint. *Id.* at 322-23. If Plaintiff fails to produce evidence sufficient to create a genuine issue, Rule 56(c) mandates entry of summary judgment for Defendants. *Id.*

## VI.

## ARGUMENT

### A. PLAINTIFF DID NOT SUFFER A CONSTITUTIONAL DEPRIVATION

Plaintiff cannot establish that he suffered a constitutional deprivation as a result of the acts alleged in this lawsuit. To succeed on a claim for relief under 42 U.S.C. § 1983, a plaintiff must establish that a right secured by the Constitution or laws of the United States was violated by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In order to make

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Notice of Motion and Motion for Summary Judgment of Defendants
Officer Martyn Bevan and Officer Harpreet Gill and Memorandum
of Points and Authorities in Support Thereof        5        C 05-01374 JF

a viable Eighth Amendment claim for failure to provide medical care, Plaintiff must show that he was subjected to cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 101 - 102 (1976).

Here, Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment through deliberate indifference to his serious medical needs. To prove his Eighth Amendment claim, Plaintiff must show that (1) Defendants had a culpable state of mind through deliberate indifference to Plaintiff's health and safety (a subjective component); and (2) the deprivation was sufficiently serious to give rise to a constitutional violation (an objective component). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

1. <u>Plaintiff Cannot Establish That Defendants Were Deliberately Indifferent to His Medical Need</u>

To satisfy the subjective component of his Eighth Amendment claim, Plaintiff must demonstrate that Defendants acted with a culpable state of mind. A plaintiff must show that the defendants were deliberately indifferent to a substantial risk of serious harm. *Farmer*, 511 U.S. at 828. "Deliberate indifference" requires a purposeful act or failure to act on the part of the defendant and resulting harm to Plaintiff's health or safety. *Id.*; *Henry v. County of San Mateo*, 2004 U.S. Dist. Lexis 1020 at *11.

Under the deliberate indifference standard, a plaintiff must make a showing equivalent to criminal recklessness:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official *knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.*

*Farmer*, 511 U.S. at 837 (emphasis added).

In the context of medical care, deliberate indifference constitutes the "unnecessary and wanton infliction of pain" when prisoners are injured or threatened with injury as a result of the deliberate indifference of an official to the prisoners' serious medical needs. *Estelle*, 429 U.S. at 106 ("[O]nly such indifference that can offend evolving standards of decency [is] in violation of the Eighth Amendment.") To determine deliberate indifference with regard to a prisoner's

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Notice of Motion and Motion for Summary Judgment of Defendants
Officer Martyn Bevan and Officer Harpreet Gill and Memorandum
of Points and Authorities in Support Thereof         6                    C 05-01374 JF

1  medical needs, the court must focus on the seriousness of the prisoner's medical needs and the
2  nature of the defendant's response. *McGuckin v. Smith*, 974 F.2d 1050, 1059-1060 (9th Cir.
3  1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136
4  (9th Cir. 1997).

5  Further, negligence is insufficient to establish deliberate indifference. *Estelle*, 429 U.S. at
6  106 (explaining that mere negligence relating to a medical problem is insufficient to establish
7  cruel and unusual punishment). Additionally, inadvertent failure to provide adequate medical
8  care cannot be said to be "an unnecessary and wanton infliction of pain," or to be repugnant to
9  the conscience of mankind. *Id.*

10 In *Henry*, plaintiffs' son, Will, was transferred to St. Mary's Hospital from a juvenile hall
11 after telling the booking officer that he was suicidal. *Henry*, 2004 U.S. Dist. Lexis 1020 at *6.
12 Dr. Moix at St. Mary's evaluated Will and admitted him on a 5150 hold. *Id.* After being at St.
13 Mary's for several days and evaluated daily, Dr. Moix determined that Will was well enough to
14 go back to juvenile hall. *Id.* at *7-*8. Will told Dr. Moix that he would try to hurt himself if
15 they discharged him to juvenile hall. *Id.* at *8. Dr. Moix allowed Will to stay at St. Mary's a
16 couple of additional days, but then discharged Will to juvenile hall. *Id.*

17 Seven weeks later, Will committed suicide at juvenile hall. *Henry*, 2004 U.S. Dist. Lexis
18 at *8 - *9. The court found that Dr. Moix did not violate Will's constitutional rights *because*
19 *plaintiffs did not show that Dr. Moix knew of a substantial risk of serious harm to Will's*
20 *health and disregarded the risk by failing to take reasonable measures to abate the risk.* *Id.* at
21 *12 - *13. No reasonable jury could find that Dr. Moix was deliberately indifferent to Will's
22 medical needs because, in Dr. Moix's medical judgment, Will no longer needed hospitalization.
23 *Id.*

24 The *Henry* court also dismissed the Section 1983 claim against the juvenile hall
25 defendants explaining that there is no evidence that they believed that what they were doing
26 was not in Will's best interest. *Henry*, 2004 U.S. Dist. Lexis at *19-*20. Even though plaintiff
27 claimed that several days before Will committed suicide, Will told a juvenile hall employee that
28 he planned to kill himself, Will was examined for suicide risk after that statement and the

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Notice of Motion and Motion for Summary Judgment of Defendants
Officer Martyn Bevan and Officer Harpreet Gill and Memorandum
of Points and Authorities in Support Thereof        7                    C 05-01374 JF

juvenile hall employees concluded that Will was not an active suicide risk. *Id.*

Likewise, in *Haley*, an inmate broke his arm while playing touch football. *Haley v. Feinerman*, 168 Fed. Appx. 113, 114 (7th Cir. 2006). Although a doctor did not review the x-ray for the injury until the next day; a nurse took a week to have an x-ray done after the inmate complained of pain; and the plaintiff did not have surgery until eight months after the injury; the court found that the defendants were not deliberately indifferent to the plaintiff's medical need. *Id.* at 114 - 115. The court explained that deliberate indifference required a showing that the defendants failed to respond to an obvious risk. *Id.* at 117 - 118; *see also Estelle*, 429 U.S. at 107 (finding that, even though a medical x-ray was not ordered, the doctors were not indifferent to the plaintiff's medical needs because plaintiff received extensive medical care); *Estate of Cole v. Fromm*, 94 F.3d 254, 263 (7th Cir. 1996) (sustaining the lower court's grant of summary judgment, the court determined that decedent's estate failed to establish that the psychiatrist or other prison personnel disregarded an excessive risk to the decedent's health or safety by classifying him as potential suicide risk despite decedent's hallucinations encouraging suicide and depression).

Here, there is no evidence that Defendants were deliberately indifferent to Plaintiff's medical needs.

2.   Officers Gill and Bevan Were Not Deliberately Indifferent to Plaintiff's Medical Needs

Plaintiff alleges that Officer Gill was deliberately indifferent because he failed to take steps to immediately call for medical assistance after Plaintiff injured his foot and forced Plaintiff to walk to his cell on his injured foot from the recreation area. Around 9:30 p.m., Plaintiff informed Officer Gill that he injured his foot while playing handball. (Chyomy Aff ¶3, Exhibit A.) Officer Gill brought Plaintiff back to his cell on foot and then informed the medical staff of Plaintiff's injury. (*Id.*)

In less than an hour, a nurse assessed a possible fracture of Plaintiff's fifth left toe and scheduled an x-ray for the first thing the next morning. (Chyrony Aff ¶ 4.) Therefore, Plaintiff received medical attention within one hour of his injury. Even assuming Officer Gill did not

Notice of Motion and Motion for Summary Judgment of Defendants
Officer Martyn Bevan and Officer Harpreet Gill and Memorandum
of Points and Authorities in Support Thereof            8                         C 05-01374 JF

immediately summon medical care, Plaintiff's fifth metatarsal fracture was not the sort of major injury for which immediate medical attention is required. (*Id.* ¶ 21.) The fact that Plaintiff was able to walk and bear weight on his foot demonstrated that he did not need to be rushed to the hospital. (*Id.* ¶ 23.)

Additionally, Plaintiff's injury was not confirmed as a fracture until the next day. (Chyorny Aff. ¶ 9.) In fact, the Inmate Injury Report prepared by the medical staff within a couple hours of the injury described the injury as "minor." (Chyorny Aff. ¶ 3, Exh. A.) Therefore, although Plaintiff claims that Officer Gill forced him to walk on his injured foot between the recreation area and his cell, there is no indication that Officer Gill believed Plaintiff was in pain or knew that having Plaintiff walk back to his cell could cause serious harm to Plaintiff's health and chose to disregard that risk.

Likewise, there is no evidence that Officer Bevan was deliberately indifferent to Plaintiff's injury. Plaintiff alleges Officer Bevan saw the pain that Plaintiff was in and did nothing to assist him but instead forced Plaintiff to walk on his foot and to step up into and out of a van to and from VMC. (Amended Complaint at p. 4.) There is no evidence, however, that Officer Bevan understood the extent of Plaintiff's injuries or even saw or believed that Plaintiff was in pain, even if Plaintiff told him he was in pain.

Further, VMC gave Plaintiff a hard sole shoe to wear after he was evaluated. The hard sole shoe allowed Plaintiff to walk on his foot because it prevented the injured area from feeling the impact of Plaintiff's weight by redistributing Plaintiff's weight to the rest of his foot. (Chyrony Aff. ¶ 18.) Additionally, to the extent Plaintiff is arguing he was forced to wear shackles when he was transported to and from VMC, wearing shackles would not have aggravated his injury or caused or added to any pain Plaintiff may have been experiencing. (*Id.* at ¶ 19.) Notably, Plaintiff was offered crutches at the hospital, which would have been appropriate to help Plaintiff walk, but Plaintiff refused the crutches. (*Id.* ¶ 20.) Even if Plaintiff were wearing shackles, he would still have been able to use crutches. (*Id.*) Therefore, it is not clear what Plaintiff is claiming Officer Bevan should have done.

Finally, there is no indication that Plaintiff aggravated his injury by walking on his foot.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Notice of Motion and Motion for Summary Judgment of Defendants
Officer Martyn Bevan and Officer Harpreet Gill and Memorandum
of Points and Authorities in Support Thereof           9                    C 05-01374 JF

(*Id.* ¶ 20.) Therefore, like the plaintiffs in *Henry*, Plaintiff has failed to show that Defendants **knew of a substantial risk of serious harm to Plaintiff's health and disregarded the risk** by failing to take reasonable measures to abate the risk. At most, Defendants' conduct may constitute negligence or inadvertence, but not deliberate indifference. Accordingly, they are entitled to summary judgment.

3. <u>Plaintiff Has Not Established That The Alleged Deprivations were Sufficiently Serious to Give Rise to a Constitutional Violation[3]</u>

Even if Plaintiff can establish the subjective component of his Eighth Amendment claim, he has not demonstrated that Defendants exposed him to conditions "that pose an unreasonable risk of serious damage to his future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993). Even restrictive and harsh conditions are not unconstitutional unless they deprive inmates of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Further, when a prisoner's claim is based on a delay in treatment, the prisoner must show that the delay was harmful, either having caused "further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059-60 (citing *Gamble*, 429 U.S. at 404).

Here, Plaintiff argues that his constitutional rights were violated by being forced to walk on his injured foot and by receiving delayed medical care. As demonstrated above, the alleged deprivations were not sufficiently serious to constitute cruel and unusual punishment. To be cruel and unusual punishment: "conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is **obduracy and wantonness, not inadvertence or error in good faith**, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with . . . supplying medical needs." *Whitley v. Albers*, 475 U.S. 312, 319 (1983) (emphasis added); *see also Estelle*, 429 U.S. at 107. ("A medical decision not to order an X-ray, or like measures, do not represent cruel and unusual punishment.")

---

[3] This Court has already found that there is a triable issue of fact raised as to whether Plaintiff's foot injury constitutes a serious medical need.

Notice of Motion and Motion for Summary Judgment of Defendants
Officer Martyn Bevan and Officer Harpreet Gill and Memorandum
of Points and Authorities in Support Thereof            10                              C 05-01374 JF

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Here, there is no evidence that any act on the part of Officer Bevan or Gill constituted cruel and unusual punishment. Also, a delay alone is not sufficient to constitute cruel and unusual punishment. "An inmate who complains that delay in medical treatment rose to constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996). Therefore, even assuming there was a delay in Plaintiff receiving medical care for his injury, there is nothing in Plaintiff's medical records indicating any adverse effect from the alleged delay in his treatment.

Plaintiff did not aggravate his injury or damage his recovery by walking on his injured foot or using leg restraints. (Chyorny Aff. ¶ 23.) Nothing in Plaintiff's medical records indicates any adverse effect from his bearing weight on the fracture. (*Id.*) In fact, it is common for individuals in the general public to have to walk with similar injuries. (*Id.*) Even though Plaintiff argues that being forced to walk on his injured foot caused him unnecessary suffering, there is no indication that Plaintiff's discomfort was severe enough to constitute a deprivation of "the minimal civilized measure of life's necessities." *Chapman*, 452 U.S. at 347. Therefore, it cannot be said that Plaintiff was exposed to any risk "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling*, 509 U.S. at 36. There is simply no evidence that Defendants caused Plaintiff pain beyond the "routine discomfort" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Chapman*, 452 U.S. at 347). Therefore, no reasonable jury could find that Officer Bevan or Gill was deliberately indifferent to Plaintiff's injury. Accordingly, Defendants are entitled to summary judgment.

## VII.

## CONCLUSION

Plaintiff cannot establish that Defendants violated his Eighth Amendment rights through deliberate indifference to a serious medical need. For the foregoing reasons, Defendants

///

///

Notice of Motion and Motion for Summary Judgment of Defendants
Officer Martyn Bevan and Officer Harpreet Gill and Memorandum
of Points and Authorities in Support Thereof    11    C 05-01374 JF

respectfully request that this Court grant their motion for summary judgment.

Dated: December 21, 2007

Respectfully submitted,

ANN MILLER RAVEL
County Counsel

By: _____
NEYSA A. FLIGOR
Deputy County Counsel

Attorneys for Defendants
OFFICER MARTYN BEVAN AND
OFFICER HARPREET GILL

105728.wpd

Notice of Motion and Motion for Summary Judgment of Defendants
Officer Martyn Bevan and Officer Harpreet Gill and Memorandum
of Points and Authorities in Support Thereof       12                                C 05-01374 JF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE)

**PROOF OF SERVICE BY MAIL**

*ERIC DUARTE v. LAURA SMITH SHERIFF OF COUNTY OF SANTA CLARA, et al.*

Case No.: C 05-01374 JF

I, Alexandra K. Weight, say:

I am now and at all times herein mentioned have been over the age of eighteen years, employed in Santa Clara County, California, and not a party to the within action or cause; that my business address is 70 West Hedding, East Wing, 9th Floor, San Jose, California 95110-1770. I am readily familiar with the County's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I served a copy of the **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS OFFICER MARTYN BEVAN AND OFFICER HARPREET GILL AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** by placing said copy in an envelope addressed to:

Eric Duarte, T-24814
Salinas Valley State Prison
Facility A4-235-L
P.O. Box 1050
Soledad, California 93960-1060

which envelope was then sealed, with postage fully prepaid thereon, on **December 21, 2007**, and placed for collection and mailing at my place of business following ordinary business practices. Said correspondence will be deposited with the United States Postal Service at San Jose, California, on the above-referenced date in the ordinary course of business; there is delivery Service by United States mail at the place so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **December 21, 2007**, at San Jose, California.

_____
Alexandra K. Weight