ERIC C. DUARTE,T-24814
SALINAS VALLEY STATE PRISON
FACILITY A4/235
P.O.BOX 1050
SOLEDAD,CALIFORNIA 93960-1060





UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA(SAN JOSE)

| | |
|---|---|
| ERIC C. DUARTE,<br><br>PLAINTIFF,<br><br>V.<br><br>LAURA SMITH,SHERIFF OF SANTA CLARA COUNTY,et al.<br><br>defendants. | No. C-05-1374 JF<br><br>**PLAINTIFF ERIC C. DUARTE'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:Honorable Jeremy Fogel<br>Courtroom 3,5th Floor<br>Hearing Date:Not Applicable |

Plaintiff Eric C. Duarte's opposition
to Defendant's motion for Summary Judgment
and Memorandum of points and authorities in
Support thereof

C05-01374 JF

## INTRODUCTION

This is a 42 U.S.C. §1983 civil rights action filed by a prisoner at Salinas Valley state prison, seeking compensatory and punitive damages for the delay in and denial of adequate medical treatment, and deliberate indifference to his serious medical need while confined at Santa clara County Jail.

Plaintiff contends that defendant Martyn Bevan and Harpreet Gill caused him unnecessary and waton infliction of pain and suffering in violation of the Eighth amendment by forcing him to walk on his injurd foot.

## PRELIMINARY STATEMENT

In it's preliminary screening of the Defendant's First Motion for Summary Judgment, this Court held that"there is a triable issue of fact raised as to whether plaintiff's foot injury constitutes a 'serious medical need.' Based on the evidence before it, a reasonable jury could conclude that plaintiff's foot injury constitute a serious medical need and summary judgment cannot be granted on this basis."

This fundmental analysis has not changed. Duarte still claims that defendant Gill and defendant Bevan is liable in that they forced him to walk on his injured foot which caused him the unnecessary and waton infliction of pain.

In reviewing the defendants motion for summary judgment, this Court evaluates the evidence in the light most favorable to Duarte. In their second motion for summary judgment, however, the defendants have failed to respect this standard.  Instead, they have drawn sweeping inferences from cherrypicked pieces of evidence.  Viewed in the proper standard, however, the evidence marshaled below set forth specific facts establishing a genuine issue for trial. At best, the defendantss' interpretation of the evidence merely hightlights the multiple disputes of material facts which must be resolved by a jury.

Not only do the Guards' fail to respect the proper standard of review, but each of the Gauards' arguments is premised on an erroneous inperpretation of the law that Duarte must show the Guards' deliberate indifference caused "substantial" harm.  This position has been explicitly rejected by the very cases cited in the Guards' Motion.  It is the <u>rule of our circuit</u>, that "substantial" harm is not required.

Under the proper substantive legal standard, and viewed in the light most favorable to Duarte, the evidence establishes that the  Guards were deliberate indifferent to Duarte's serious medical needs.  Both Guards were notified that Duarte had broken or fractured his foot and needed to see a medical professional.  Though both Guards knew Duarte's foot were fractured or brokened, they deliberately forced Duarte to walk on his injured foot causing him to experience excruciating pain that no one suggests served any penological purpose.  Their motion for summary judgment should be denied.

(2)

Defendants contends that "plaintiff's fifth metarsal fracture was not the sort of major injury for which immediate medical attention is required. (Mot. For Summ. J. at 9)  The fact that plaintiff was able to walk and bear weight on his foot demonstrated that he did not need to be rushed to the hospital."

To the contrary, taken in the light most favorable to Duarte, the facts show that Duarte was suffering from severe pain in his foot, cusaed during a  constitutionally mandated exercise period, that the defendants knew Duarte  was suffering from this severe pain, that the defendants intentionally delayed and failed to act on Duarte's request to summons medical assistance immediately, and that this delay was harmful to Duarte.  Duarte further contends that he  was forced to walk on his broken foot which caused further infliction of pain and suffering.  Accordingly, defandants Motion For Summary Judgment must be denied.


                          STATEMENT OF FACTS

Plaintiff was an inmate at the main jail at Santa clara County Jail.  While playing handball in the jail's recreation area at
        aproxiately 9:30 P.M. on October 27,2004, plaintiff sliped
        and fell, breaking his left fifth metarsal bone·
(Aff. of Carmen Gonzales to authenticate plaintiff's medical records and Affidivit of plaintiff Eric Duarte to autheniticate that records was received throuth discovery.  (See Exh."B. Duarte-00075).  See also (Duarte's Aff. in support of his Opp.Mot. ¶¶;2-17).


                              (3)

After nofifying Correctional Officer Gill (C/O Gill), Badge No.2528

of his injury plaintiff was then cuffed and made to walk back to his cell.

(See Exh."C. Duarte 00162).   See also (plaintiff's Aff. ¶¶1;23-27).

At approximately 10:10 P.M. Nurse Myrna was contacted by C/O Gill. (See

Exh."A, Duarte 00052).

At approximately 10:30 P.M. Nurse Myrna came to see Duarte's injured

foot(See Exh."C,Duarte 00161).   Nurse Myrna assessed plaintiff's injury

as being "(L) toe slightly reddened, c/o pain & inability to move (L)

5th toe, slightly swollen.   A-sprain Vs. Fx(Exh."A, Duarte 00052).

Duarte was given motrin and a mild pain reliever and an ice pack (Id.)

The following day, October 28,2004, at approximately 10:00 a.m., x-rays

were tken of Duarte's left foot.   The X-ray Technition notified plaintiff

and the C/O escorting plaintiff that his foot was broken.   (See X-rays

attached to Duarte's Decl.)Duarte's Aff.¶¶2;16-20).

After being made to walk back to his cell unassisted, in leg shackles,

plaintiff filed out an inmate greivance complaint for emergency medical

treatment (Id. ¶¶ 2:20-21), this greivance was granted.   At approximately

2:00 P.M. Duarte's X-rays were finally read by Dr.Nguyen, Duarte was

then pulled out of his cell to be transported to Valley Medical Center

(VMC) (See Exh."D, Duarte 0166).  See also (Exh."A, Duarte 00052).

At approximately 4:30 P.M. C/O Bevan, Badge No. 1597, was the

Officer that escorted Duarte to VMC.   C/O Bevan knew Duarte had a broken

foot.   See (Exh."E, Duarte 00149).   Duarte was made to walk on  his

broken foot by C/O Bevan. (Duarte's Aff. ¶2:23-3:1).   VMC Triage RN

Katherine listed Duarte's pain level as 9/10 (Exh."B, Duarte 0073).

X-rays taken  at VMC showed Metatorsal 5 shaft spiral fracture (Id.

Duarte 00075).   Plaintiff was then discharged from VMC with instruction

to wear Orthopedic Shoe and chutches and to use a ice pack to

foot 3 times a day and prescribed vicodine 5/500mg for pain

(See Exh.B, Duarte 00072).   Duarte refused to use the chutches because

of the danger they placed him in.   (See Duarte's Aff.¶¶3:3-5).

Duarte requested a wheelchair but was denied and made to walk to the

Van that was to return him back to the county jail (Id.3:7-8).   At 2030

hrs Duarte returned back to the county jail 3rd East Max and returned

to his cell.   (See Exh. "D, Duarte 0167).

The following day, October 29,2004, Duarte was scheduled for

criminal court.   Duarte refused to walk to the court and requested a

wheelchair.   He was denied the wheelchair.   Duarte then filed an

inmate grievance to be given a wheelchair and to be housed in the

medical unit (duarte's Aff. ¶¶3:11-16).   This grievance was approved,

Duarte was then transferred from 3rd East Max to Medical Unit

when he returned from court.   (See Exh."A, Duarte 00052).

C/O Gill filled out an Inmate Injury Report stating that Duarte's

injury was minor and that Duarte only had a sprain foot.   C/O Gill's

supervisor, Sgt.Csabanyi signed  and approved this Report.   (See

Exh."C, pg. 2").

Duarte suffered excruciating pain from 9:30 on 10/27/04, and

continuing through 10/28/04, when he was transferred to VMC at 3:30 P.M.

at which time Duarte was again forced to walk on his broken foot by

C/O Bevan.   (See Exh. "D, pg 1").

C/O Bevan placed Duarte in leg iron shackles, transported Duarte

to VMC without a wheelchair, forced Duarte to walk on his broken foot

(5)

with leg iron on, further causing the wanton infliction of excruciating pain. (See Exh. "E, pg. 1").

On October 29,2004, Duarte was transferred to 2B medical Facility because he could not walk on his foot. While in 2B Medical Facility Duarte was denied the pain medication that the doctor prescribed at VMC for his pain. Duarte filed an inmate complaint complaining that he was receiving motrins by the jail medical staff instead of the Vocodines for the excruciating pain he was experiencing. (See Exh."F, pg.1").

The level of pain Duarte experienced continued from 10/27/04, through 2-28-05. Duarte filed an inmate Medical Request on 11-1-04, complaining about the excruciating pain. (See Exh."F,pg 2"). Duarte filed another 602 Inmate Appeal complaining about the excruciating pain. (See Exh. "G, pg.1"). Duarte stated that he was still in extreme pain and discomfort.

1.    THE GUARDS FAIL TO EVALUATE THE EVIDENCE IN THE
      LIGHT MOST FAVORABLE TO DUARTE

It is well settled that in reviewing a motion for summary judgment, this Court views the evidence in the light most favorable to the nonmoving party. Summary Judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. See Fed.R.civ.P. 56(c). In this respect, the evidence must be viewed in the light most favorable to Duarte.

In their motion for summary judgment, however, the Guards have consistently failed to address the evidence according to this well settled standard. In arguing their position, the Guards have cherry-picked pieces of evidence from the record, and then made sweeping inferences from this select evidence. Such analysis is improper and ultimately inapprosite. The Guards' failure to argue the evidence according to the proper standard is a ringing admission that summary judgment is inappropriate here.

## LEGAL STANDARD

Summary Judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. See FEd.R.Civ.P.56(c). "At the summary judgment stage the judge's function is not [him]self to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson Vs. Liberty Lobby Inc, 477 U.S. 242, 249(1989). The judge does not make credibility determinations with respect to affidavits, discovery documents, or depositions, and must view the evidence in the light most favorable to the nonmoving party. See T.W.Elec Serv. Vs. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.1987). "If a rational trier of fact might resolve the issue in favor of the nonmoving party, summary judgment must be denied." Id. at 631.

## ARGUMENT

### A DISPUTE OF MATERIAL FACT EXISTS AS TO WHETHER DEFENDANTS WERE DELIBERATE INDIFFERENT TO DUARTE'S SERIOUS MEDICAL NEED

In 1976, the United States Supreme Court recognized that by embodying "broad and idealistic concepts of dignity, civilized standards, humanity, amd decency," the Eighth Amendment prohibits the "deliberate indifference to serious medical needs of prisoners,"holding that it "constitutes the unnecessary and wanton infliction of pain." Estelle Vs. Gamble,429 U.S. 97, 102-4(1976)(internal citation and quotations omitted). "A determination of 'deliberate indifference' involves an examination of two lelments: the seriousness of the prisoner's medical

(8)

need and the nature of the defendant's response to the need." McGuckin

Vs. Smith, 974 F.2d 1050, 1059(9th Cir.1992) overruled on other grounds,

WMX Technologies Inc. Vs. Miller,104 F.3d 1133, 1136(9th Cir.1997).

A.    The Undisputed Evidence Establishes That Duarte's Serious
      Foot Injury, Which Caused Severe Pain And Created A High Likelihood
      of Permanent Damage Constituted A Serious Medical Need

Defendants do not appear to directly challenge the fact that

Duarte had a legitimate serious medical need on October 27,2004.(DMSJ,

pg.5, Line 2-28)  Such an argument would be absurd, as the overwhelming

evidence establishes that Duarte was suffering severe pain and faced

a high likelihood of permanent damage or lost of his foot.  "A 'serious'

medical need exists if the failure to treat a prisoner's condition could

result in further significant injury or the 'unnecessary and wanton

infliction of pain." McGuckin, 974 F.2d at 1059(qouting Estelle, 429

U.S. at 104).  The Supreme Court has indicated that a medical need

is sufficiently serious if it is not identified with the "routine

discomfort that is part of the penalty that criminals offenders pay

for their offenses against society," id. (citing Hudson Vs.McMiller

503 U.S. 1,8-9(1992), or "pain or suffering which no one suggests would

serve any penological purpose." Estelle, 429 U.S. at 103.  In making

this determination, Ninth Circuit case law counsels examining such

factors as whether there is "the presence of a medical condition that

significantly affects an individuals daily activities, "or whether

the inmate has " chronic and substantial pain. McGuckin, 974 F.2d

at 1059-60.

Duarte's condition surpasses these criterias.  On October 27,2004,

Duarte was experiencing pain in his injured foot so severe that he had to have the assistance of another inmate(Mr.Casarez) to help him walk back to his cell. (Aff. of Duarte at Pg.1 Line 23) The pain in Duarte's foot was consistent with the pain of a broken bone. (Duarte Aff. Pg.1, Line 20). (Statement of facts, supra,("Facts")Pg.4,Line 20-24) At apporximately 10:30P.M., Nurse Myrna examined Duarte's foot and determined the injury as being "(L) toe slightly reddened,c/o pain and inability to move left fifth toe, slightly swollew. A-sprain Vs.Fx.(Exh."A,Pg.1")

This condition is important and worthy of comment and treatment, and failure to treat this condition could result in further significant injury and prolonged chronic and substantial pain. (Id.) Indeed, this condition has already caused Duarte to suffer wanton and unnecessary infliction of excruciating pain.

Nurse Myran characterized the specific pain Duarte experienced on October 27,2004, as an "A-Sprain Vs.Fx. inability to move left fifth toe. Duarte should have been rushed to medical professionals as soon as possible. Brown vs. Hughes, 894 F.2d 1533, 1538(11th Cir.1990)(four hour delay in treating a broken foot)cert.denied, 110 S.Ct. 2624;Loe Vs. Armistead, 582 F.2d 1291, 1296(4th Cir.1978)(22-hour delay in treating a broken arm. cert.denied,446 U.S. 928(1980);Johnson Vs.Summers 411 Mass.82, 577 N.E. 2d 301, 305(Mass.1991)(delay of hours in taking prisoner with broken leg to the hopital),cert.denied, 112 S.Ct. 1166(1992).

Duarte's severe pain, and high risk of suffering permanent damage to his foot constitute the unnecessary infliction of pain, particulary since no one suggests that this pain served any penological purpose, as such, Duarte's medical need were sufficiently "serious," and C/O Gill

(10)

decision to return Duarte to his assigned cell instead of to medical profe-

ssionals constitutes  deliberate indifference to Duarte's serious medical

need.   The pain, not the injury is the basis of an Eighth Amendment claim

and by implication, the two are not the same.  Hudson Vs. McMillian,

112 S.Ct. at 100.   See also McLaurin Vs. Prater 30 F3d 892, 894(8th Cir.

1994)(pain is "sufficient to allow recovery" under the Eighth Amendment.)

B.      **THERE IS SUFFICIENT EVIDENCE FOR A REASONABLE FACTFINDER**
        **TO FIND THAT DEFENDANT HAD THE REQUISITE STATE OF MIND**
        **TO ESTALISH DELIBERATE INDIFFERNECE**

Defendants argument that they did act with a sufficiently culable

state of mind fails.  Duarte has provided sufficient evidence to enable

a reasonable factfinder to determine they did.  Duarte "need not show

that [the defendants] acted or failed to act believing that harm or perma-

nent damage would befall [Duarte];it is enough to show that they acted

despite[their]knowledge of a substantial risk of serious harm."  Farmer

Vs. Brennan, 511 U.S. 825, 842(1994).  See Id. at 836(noting that the mens

rea for medical care claims is not as high as the standard for excessive

force claims).  Whether the defendants had the requisite state of mind

"is a question of fact subject to determination in the unusal way,

including inference from circumstantial evidence."  Id.at 842.

A factfinder may conclude that a prison official knew of a substantial

risk from the very fact that the risk was obvious."  Id.

1.      C/O Gill And C/O Bevan Knew Duarte Was Suffering From
        Severe Pain in his Foot, Which Constitute Actual
        "Severe Harm"

In the light most favorable to the plaintiff, the facts establish

that Duarte notified C/O Gill as early as 9:30 P.M.that he had injured

his foot and needed medical attention.  ("Facts"Pg.4,Line 16-19)(duarte's

Aff. Pg.1,Line12-19)  The evidence show that at the time, Duarte was clutch-

ing his foot because he heard the bone snap, which was also heard by Mr.

Casarez.  (Id.at Pg.4,Line 16)

        Duarte's cellmate, Mr.Casarez, Melecho who was playing handball

with Duarte, called out in a loud vioce "man down" to C/O Gill, and pleaded

with C/O Gill to summon medical attention.  (Id.at 22-23).

      ' While defendants may claim that they were not aware that Duarte's

condition posed a substantial risk of serious harm, such claim would raise

a dispute of material fact that must be determined by the factfinder.

At summary judgment, however, Duarte is entitled to the reasonable inference

that the defendants knew Duarte was experiencing severe pain after they

were notified by Duarte and his cellmate (Mr.Casarez) who was playing

handball with Duarte and heard the bone in his foot snap.  (Id at Pg.4,

Line 16) .

        The severe pain alone constitutes actual "serious harm" as Duarte

stated to C/O Gill when asked could he walk.  "No, my foot hurt to much."

C/O Gill made Duarte walk on his foot anyway.  (Duarte Aff. Pg.1,Line

23)  Hodge Vs. Ruperto 739 F.Supp.873, 879(S.D.N.Y..1990)(police officers

could be held liable for removing an arrestee from the hospital before

his x-rays could be examined and his injuries treated.).  Accordingly,

a reasonable factfinder could find that defendants knew Duarte was

experiencing severe pain, and that his condition posed a subatantial

risk of further serious harm.

Further, C/O Bevan demonstrated deliberate indiffernece when he forced Duarte to walk on his broken foot in leg iron. The leg iron inflicted unbearable pain to Duarte's already broken foot. Duarte asked C/O Bevan for a wheelchair which was available but denied. C/O Bevan tranported Duarte to VMC without tha assistance of a wheelchair or crutches. (See Exh."D,Pg.1, and Exh."F, Pg.1")Duarte's Aff. Pg. 2,Line 23-26) The Department of Corrections Operation manual, Section 52050.11.3 states in pertinent part:"When Mechanical restraints becomes necessary, no restraint equipment shall be placed about the neck nor applied in any way as to inflict pain, undue physical discomfort, restriction of blood circulation or breathing.

When mechanical restraints is required, handcuffs alone or attached to a waist chain shall be the unusal method. Other specialized restraints, such as leg irons or additional chains, may be permitted only when it appears that immediate circumstances exists to justify the use of such mechanical restraints."

C/OBevan knew Duarte's foot was broken, (See X-rays attached to Duarte's Declaration) nevertheless, he forced Duarte to walk on his broken foot. (See Exh."E,Pg.1') NR.Katherine Hawker listed Duarte's pain as 9/10.(Exh."B,,Duarte 0073) Again, Duarte requested a wheelchair and was denied. In the light most favorable to Duarte, the defendant's failure to follow CDC Operational Manual evidences the kind of callous disregard for Duarte's serious medical condition that could lead a reasonable fact finder to conclude that the defendant were deliberate indifference to Duarte's serious medical need.

//

//

(13)

C.    THE GUARDS MISREPRESENT NINTH CIRCUIT PRECEDENT-
      "SUBSTANTIAL" HARM IS NOT REQUIRED FOR DELIBERATE
      INDIFFERENCE CLAIMS

Each of the Guards' legal arguments is premised on the mistaken

notion that Ninth Circuit precedent requires some showing of "substant-

ial" harm or injury resulting from the Guards' delay in seeking medical

care for Duarte and forcing Duarte to walk on his injured foot.

Echoing their  argument in their first Motion for Summary

Judgment, the Guards cite to McGuckin Vs. Smith 974 F.2d 1050(9th

Cir.1992), overruled on other grounds, WMX Techs,Inc. Vs. Miller,

104 F.3d 1133,1136(9th Cir.1997), and suggest that there are two

lines of thought on whether 'substantial harm' rather than 'harm',

is required."  (Ans.Brf.¶7&10)

As they did in their first Motion For Summary Judgment, however,

the Guards misinterpret the law.  In McGuckin, cited by the Guards

on P.7, the Ninth Circuit Court of Appeals explicitly noted that

the requirement that there be "substantial " harm was the minotity

view in Housewright, and reaffirmed that "the rule of our circuit"

is that "substantial harm" is not required.  See McGuckin, 974 F.2d

at 1060 n.12.

The Guards also cite to Farmer Vs. Brennan, 511 U.S. 825(1994)

(Ans Brf. P.6)  These cases do not support their position.  Farmer

is even less helpful to the Guards position.  There the Supreme Court

held that a priaoner need show only that there is a substantial risk

of serious harm, See Farmer 511 U.S. at 827, and held that a prisoner

can seek relief even if actual harm has not yet occurred. Id.at 845.

(14)

In any case, as detailed in Duarte's first Motion in Opposition to the Defendant's Motion For Summary Judgment, and as detailed above, the record indicates that Duarte suffered actual, substantial harm. The Ninth Circuit recognizes that pain is sufficient harm to state a claim for deliberate indifference.  See Housewright 900 F.2d at 1340,n.7;Wood Vs. Sunn 865 F.2d 982, 988-89(9th Cir.1988)

The Guards contends that "unless there is a physical deformity or major fracture apparent, a patient face no appreciable risk of furture harm by delaying treatment for a period of 24 hours. ("Chyorny Aff. 9:22)

At the time Duarte injured his foot he showed Defendant Gill the deformity in his foot.

> "C/O Gill respond to the man down call who then came
> to the metal fence door and asked "what's wrong".
> I told C/O Gill "I think I broke my foot".  I then
> removed my Sun Deck Shoes (A white nylon slip-on type
> tennis shoe) and sock.  I then showed the obvious
> lump on the side of my foot caused by the bone pushing
> out-wards on the skin." (Duarte Aff.¶1;19-22)

Defendant Gill demonstrated deliberate indifference when he forced Duarte to walk back to his cell on his deformity foot with the bone pushing against the skin.

At the time Duarte was scheduled to go to VMC, Defendant Bevan demonstrated deliberate indifference when he made Duarte walk on his deformity foot in waist chains and leg iron.(Duarte Aff. ¶2;23). To the extent defendants argue that they had no knowledge of Duarte's medical needs, this creates another dispute of material fact that must be submitted to a jury for determination.

(15)

## CONCLUSION

For the foregoing reasons, the Court should deny defendants Motion For Summary Judgment.  There is sufficient evidence for a reasonable fact finder to find that  the defendants were deliberate indifference to Duarte's serious medical need.


RESPECTFULLY
SUBMITTED

DATED: _____/ /_____ ,2008

ERIC DUSRTE/PLAINTIFF IN PRO SE

STATE OF CALIFORNIA                                    COUNTY OF MONTEREY

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC 1746)

I, **Eric C. Duarte** _____ declare under penalty of perjury that: I am the **Plaintiff** _____ in the above entitled action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this **17th** day of **January** _____, 20**08** ___, at Salinas Valley State Prison, Soledad, CA 93960-1050.

(Signature) _____
DECLARANT/PRISONER

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –

## PROOF OF SERVICE BY MAIL

(C.C.P. SEC 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, **Gerry Williams** _____, am a resident of California State Prison, I the County of Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of the above entitled action. My state prison address is: P.O. Box 1050, Soledad, CA 93960-1050.

On **January 17th** _____, 20**08** ___, I served the foregoing: **Plaintiff Eric C.Duarte's**

**Opposition to defendant's motion for summary Judgment** _____

_____

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State Prison, Soledad, CA 93960-1050.

**Neysa A. Fligor,Deputy County Counsel** _____

**70 West Hedding,East Wing,Ninth Floor** _____

**San Jose,California 95110-1770** _____

_____

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: **January 17th** _____, 20**08** ___
DECLARANT/PRISONER

LEGAL MAIL ONLY

Eric Duarte, T-24814
Salinas Valley State Prison
Facility A4/235/L
P.O. Box 1050
Soledad, California 93960-1060

LEGAL MAIL
STATE PRISON
GENERATED MAIL

Clerk of the Court
U.S. District Court, Northern
District of California (San Jose)
280 S. First Street #2112
San Jose, California 95113-