ANN MILLER RAVEL, County Counsel (S.B. #62139)
NEYSA A. FLIGOR, Deputy County Counsel (S.B. #215876)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding, East Wing, Ninth Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Attorneys for Defendants
OFFICER MARTYN BEVAN AND
OFFICER HARPREET GILL

**E-FILING**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE)

| | |
|---|---|
| ERIC DUARTE,<br><br>　　Plaintiff,<br><br>v.<br><br>LAURA SMITH SHERIFF OF SANTA CLARA COUNTY, et al.,<br><br>　　Defendants. | No. C 05-01374 JF<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: Honorable Jeremy Fogel<br>Courtroom 3, 5th Floor<br>Hearing Date: Not Applicable |

## I.

## INTRODUCTION

Plaintiff Eric Duarte ("Duarte") has brought this 42 U.S.C. Section 1983 action alleging that Defendants Officers Martyn Bevan and Harpreet Gill ("Defendants") were deliberately indifferent to his injured foot. The evidence, including Duarte's own arguments in his Opposition, shows that Defendants were anything but deliberately indifferent. Both Officers Gill and Bevan acted reasonably based on the circumstances and showed concern for Duarte's health and well-being. Therefore, there is no evidence that the alleged acts or omissions of Defendants constituted cruel and unusual punishment under the Eighth Amendment. Additionally, even assuming that Defendants were deliberately indifferent to Duarte's injury,

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Reply Brief in Support of Defendants'
Motion for Summary Judgment　　　　1　　　　C 05-01374 JF

Defendants are entitled to qualified immunity because they could not have known that their actions violated the constitution. Accordingly, the Court should grant Defendants' summary judgment motion and dismiss this action with prejudice.

## II.

## SUMMARY OF RELEVANT UNDISPUTED FACTS

In fall 2004, Duarte fell and injured his foot while playing handball at the Santa Clara County Department of Correction ("DOC"). (Affidavit of Eric Duarte in support of Opposition to Defendant's (sic) Motion for Summary Judgment ("Duarte Aff."), p.1, lines 12-15.) Officer Gill asked Duarte if he wanted to see a nurse and Duarte responded yes. (*Id.* at lines 22-23.) Officer Gill then asked another inmate, Casarez, to assist Duarte in walking back to his cell. (*Id.* at lines 23-24.) Officer Gill also asked Duarte if it was still difficult for him to walk and Duarte responded yes. (*Id.* at lines 25-26). Officer Gill then removed Duarte's handcuffs and handcuffed Duarte with his hands in front of him. (*Id.* at lines 25-27.) Duarte then walked back to his cell with the assistance of Casarez. (*Id.* at lines 26-27.)

Once Duarte got to his cell, Officer Gill called for medical assistance. (Duarte Aff. at p. 2, lines 1-2.) In less than an hour, a nurse responded to Officer Gill's request for medical attention for Duarte. (*Id.*) The nurse, "Nurse Myrna" who examined Duarte's foot thought that his foot was sprained not broken.[1] (*Id.* at lines 4-5.) That same day, Officer Gill completed an Inmate Injury Report indicating that Duarte's injury was minor and a sprain. (Plaintiff Eric Duarte's Declaration in support of his opposition to Defendant's (sic) Motion for Summary Judgment ("Duarte Dec."), ¶ 4, Exhibit C (Duarte 00161).)

The next day, Duarte was informed that he would be taken to Valley Medical Center ("VMC") for further treatment for his foot. (Duarte Aff., p. 2, lines 20-22.) He was then placed in mechanical restraints. (*Id.*) When he was climbing into the van that would take him to

---

[1] This Court has already found that Duarte received sufficient and timely medical care; therefore, Duarte cannot prevail on his claim against Nurse Myrna, and she was entitled to summary judgment as a matter of law. (Order granting Defendant Wong's Motion for Summary Judgment, Issuing Second Order of Service and Addressing Pending Motions, filed September 24, 2007.)

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Reply Brief in Support of Defendants'
Motion for Summary Judgment          2          C 05-01374 JF

VMC, he fell forward into the van landing on his stomach. (*Id.* at lines 23-25.) Officer Bevan, who was transporting Duarte to VMC, assisted Duarte by grabbing his elbow and helping Duarte sit up in the van. (*Id.*) Duarte claims he had to walk from the van to the hospital on his foot wearing leg shackles. (*Id.* at p.2, line 27-p.3, line 1).

After Duarte was examined by the doctor at VMC, he was given a strong pain reliever, crutches and a hard sole shoe. (Duarte Aff., p. 3, lines 2-4.) The purpose of the hard sole shoe is to prevent the injured area from feeling the impact of Plaintiff's weight by redistributing Duarte's weight to the rest of his foot. (Affidavit of Alexander Chyorny, M.D. in support of Defendants' Motion for Summary Judgment ("Chyorny Aff."), ¶ 18.) Duarte claims that he refused the crutches because he did not believe he could move safely with them. (Duarte Aff., p. 3, lines 4-5.) Based on Duarte's injury, however, crutches were appropriate to assist him in walking. (Chyrony Aff., ¶ 20.) Also, an individual with Duarte's injury would still be able to ambulate with crutches even when wearing shackles. (*Id.*)

Duarte claims he asked for a wheelchair and was informed by Officer Bevan that he did not have the authority to order a wheelchair for Duarte. (Duarte Aff. P. 3, lines 5-7.)

### III.

### ARGUMENT

**A.  DUARTE'S ALLEGED DEPRIVATION WAS NOT SUFFICIENTLY SERIOUS TO CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT**

In order to make a viable Eighth Amendment claim, a plaintiff must show that he was subjected to cruel and unusual punishment. *Estelle v. Gamble,* 429 U.S. 97, 101-102 (1976). A plaintiff must prove that the alleged deprivations were sufficiently severe to rise to the level of a constitutional violation. *Granville v. Plummer,* 1999 U.S. Dist Lexis 1395, *28-*29 (N.D. Cal. 1999). "Conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is ***obduracy and wantonness, not inadvertence or error in good faith***, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with . . . supplying medical needs." *Whitley v. Albers,* 475 U.S. 312, 319 (1983) (emphasis added). Even

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Reply Brief in Support of Defendants'
Motion for Summary Judgment    3    C 05-01374 JF

restrictive and harsh conditions are not unconstitutional unless they deprive inmates of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

A prison official who acts reasonably cannot be found liable under the Cruel and Unusual Punishments Clause. *Farmer v. Brennan*, 511 U.S. 825, 844 - 845 (1994). "[P]rison officials who actually know of a substantial risk to an inmate's health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." (*Id.*) In the context of medical care, deliberate indifference constitutes the "unnecessary and wanton infliction of pain" when prisoners are injured or threatened with injury as a result of the deliberate indifference of an official to the prisoners' serious medical needs. *Estelle*, 429 U.S. at 106 ("[O]nly such indifference that can offend evolving standards of decency [is] in violation of the Eighth Amendment.").

Contrary to Duarte's assertions, Duarte must show that Defendants knew of a substantial risk of serious harm and disregarded the risk by failing to take reasonable measures to abate the risk.[2] *Farmer,* 511 U.S. at 844-845. Further, the prison official must not only be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists but he or she must also draw the inference. As the Supreme Court has stated, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment" for purposes of the Eighth Amendment. *Id.* at 838. "If a prison official should have been aware of the risk but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe,* 290 F.3d 1175, 1188 (2002). Additionally, in order to establish deliberate indifference, there must be a purposeful act or failure to act on the part of Defendants and resulting harm. *McGuckin v. Smith*, 974 F.2d 1050, 1059-1060 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136

---

[2] Duarte also cites to the "Department of Corrections Operation Manual, Section 52050.11.3" in his brief. This document, however, is not a manual of the County.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Reply Brief in Support of Defendants'
Motion for Summary Judgment            4                           C 05-01374 JF

(9th Cir. 1997).[3]

Here, there is no evidence that the alleged actions or omissions of Defendants amounted to cruel and unusual punishment under the Eighth Amendment. Duarte alleges that Defendants were deliberately indifferent because they were notified that Duarte had broken or fractured his foot and needed to see a medical professional and although they knew that his foot was fractured or broken, they deliberately forced Duarte to walk on his injured foot causing infliction of pain and suffering. Duarte goes on to argue that Defendants knew that he was suffering from severe pain and intentionally delayed and failed to act to summon medical assistance immediately and the delay was harmful to him.[4] The evidence, however, shows otherwise.

   1.   There is no Evidence that Officer Gill Was Deliberately Indifferent to Duarte's Injury

Officer Gill responded reasonably to Duarte's injury. The following are undisputed: After Duarte informed Officer Gill that he was injured, Officer Gill asked Duarte if he wanted to see a nurse and Duarte responded yes. Officer Gill then asked another inmate, Casarez, to assist Duarte in walking back to his cell. Officer Gill also asked Duarte if it was still difficult for him to walk and Duarte responded yes. Officer Gill then removed the handcuffs and handcuffed Duarte with his hands in front of him to make it easier for Duarte to walk. Duarte then walked back to his cell with the assistance of Casarez. Once Duarte got to his cell, Officer Gill called for medical assistance. In less than an hour, a nurse responded to Officer Gill's request for medical attention for Duarte. Therefore, Officer Gill was not deliberately indifferent to Duarte's injury.

---

[3] Plaintiff cites to *Farmer* for the proposition that a prisoner may seek relief even if actual harm has not occurred. To the contrary, the *Farmer* court was referring to injunctive relief. *See Farmer*, 511 U.S. at 846-847. Here, Duarte must show actual harm because he is not seeking injunctive relief.

[4] As mentioned above, this Court has already found that Duarte received sufficient and timely medical care. (Order granting Defendant Wong's Motion for Summary Judgment, Issuing Second Order of Service and Addressing Pending Motions, filed September 24, 2007.)

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Reply Brief in Support of Defendants'
Motion for Summary Judgment           5           C 05-01374 JF

Additionally, contrary to Duarte's assertion, there is no evidence that Officer Gill knew Duarte had broken or fractured his foot. In fact, the nurse who examined Duarte's foot after Officer Gill notified her, thought Duarte had sprained his foot. That same day, Officer Gill completed an Inmate Injury Report indicating that Duarte's injury was minor and a sprain. (Duarte Dec., ¶ 4, Exhibit C (Duarte 00161.) Accordingly, the Court should dismiss all claims against Officer Gill.

2. <u>There is No Evidence that Officer Bevan was Deliberately Indifferent to Duarte's Injury</u>

Likewise, there is no evidence that Officer Bevan was deliberately indifferent or knew of a substantial risk of serious harm to Duarte's health and disregarded the risk by failing to take reasonable measures to abate the risk. Duarte argues that Officer Bevan was deliberately indifferent because he had to walk with leg shackles from the van to the hospital. First, Officer Bevan did not have the authority to remove the shackles.

A transport officer taking an inmate to or from the hospital does not have the authority to decide whether leg shackles can be removed. (Affidavit of Captain Troy Beliveau in support of Reply Brief in support of Defendants' Motion for Summary Judgment ("Beliveau Aff." ), ¶ 5.) Leg shackles are to be used on all inmates going to the hospital, regardless of classification level, unless a medical staff person makes the determination that leg shackles would be a problem from a medical standpoint. (*Id*. at ¶ 4.) This determination is either made by Jail medical staff before the inmate is taken to the hospital, or by hospital staff before the inmate is taken back to jail. (*Id*. at ¶ 5.) After this determination is made, then the transport officer still has to obtain approval from the on-duty Sergeant at the jail. (*Id*.) A decision is made by that Sergeant, after balancing medical and security needs, and the Sergeant conveys it to the transport officer. (*Id*.)

Further, inmates have been known to fake injuries, inflict injuries, or exaggerate their severity, in order to create opportunities to escape, so transport officers have to be very cautious about taking a possibly injured inmate's word for what type of injury he or she may have, how bad it might be, or what should be done to accommodate the injury. (Beliveau Aff., ¶ 6.)

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Reply Brief in Support of Defendants'
Motion for Summary Judgment                6                    C 05-01374 JF

Additionally, Duarte was a Level IV inmate. (*Id.* at ¶ 8.) Level IV means that the inmate is at the very highest end of the security spectrum. (*Id.*) Also, Duarte's records show that he was considered a high risk escape inmate and he injured his foot only two days before his scheduled sentencing. (*Id.*) Therefore, Officer Bevan acted reasonably and appropriately.

Duarte also alleges that Officer Bevan was deliberately indifferent because Officer Bevan informed him he did not have the authority to order a wheelchair for Duarte to transport him from VMC to the van.[5] Duarte, however, was given a strong pain reliever and a hard sole shoe to wear prior to leaving the hospital. The purpose of the hard sole shoe is to prevent the injured area from feeling the impact of Duarte's weight by redistributing Duarte's weight to the rest of his foot. (Chyorny Aff., ¶ 18.) Also, the VMC medical staff offered Duarte crutches, but he refused the crutches because he did not believe he could move safely with them. (Duarte Aff., p. 3, lines 4-5.) Based on Duarte's injury, however, crutches were appropriate to assist him in walking. (Chyrony Aff., ¶ 20.) An individual with Duarte's injury would still be able to ambulate with crutches even when wearing shackles. (*Id.*) Finally, the same considerations that govern any alteration of shackling requirements also pertain to the use of wheelchairs for injured inmates. (Beliveau Dec. at ¶ 7.) Such a determination would have to be made by medical professionals and approved by an on-duty Sergeant at the jail. (*Id.*)

Here, there is no evidence that the jail medical staff or hospital staff determined that Duarte needed a wheelchair or to have the leg restraints removed. Duarte was examined prior to leaving the Main Jail to go to VMC and at VMC. Instead, the evidence shows that the hospital staff determined crutches would have been sufficient, but Duarte refused to use them before leaving the hospital and requested a wheelchair. Officer Bevan could not have independently decided to order a wheelchair or remove Duarte's leg restraints. Therefore, this action should be dismissed because there is no evidence that Officer Bevan or Gill was deliberately indifferent to Duarte's injury. Even if Defendants' conduct amounts to ordinary lack of due care for the

---

[5] There is also no evidence that Officer Bevan knew Duarte had a broken foot. Duarte mistakenly relies on Exhibit E to his declaration to show that Officer Bevan knew his foot was broken. Exhibit E, however, simply shows that Officer Bevan transported Duarte to the hospital.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Reply Brief in Support of Defendants'
Motion for Summary Judgment          7                    C 05-01374 JF

prisoner's interests or safety, it certainly was not obduracy and wantonness.

## B. OFFICERS BEVAN AND GILL ARE ENTITLED TO QUALIFIED IMMUNITY

Even if Duarte were able to establish a constitutional deprivation, Defendants are entitled to qualified immunity. Public officials acting in their official capacity are entitled to qualified immunity from Section 1983 liability for discretionary acts that do not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

To defeat a defense of qualified immunity, a plaintiff must prove that the right allegedly violated was "clearly established" at the time of the violation. *Romero v. Kitsap County*, 931 F.3d 624, 627 (9th Cir. 1991). A right becomes clearly established only when it is enunciated by closely analogous pre-existing case law or when the conduct "is so patently violative of the constitutional right that reasonable officials would not know without guidance from the courts that the action was unconstitutional." *Deorle v. Rutherford*, 272 F.3d 1272, 1286 (9th Cir. 2001). "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

Here, Duarte has not met his burden to show that Defendants violated a clearly established constitutional right. Even assuming that Defendants were deliberately indifferent to Duarte's injury, they could not have known that their actions violated the constitution. Officer Gill had an inmate assist Duarte back to his cell, put Duarte's handcuffs in the front to make it easier for Duarte to walk and then immediately called for medical attention. Likewise, Officer Bevan had not received any instruction from medical staff that he needed to remove the leg shackles or obtain a wheelchair for Duarte and Duarte had received a strong pain reliever, crutches and a hard sole shoe to assist him in walking back to the van from the hospital.

Therefore, it appears the "right" Duarte is asserting is that Defendants should have given him a wheelchair immediately after the injury and at the hospital, regardless if it was being recommended by medical staff and regardless of security concerns. Duarte, however, cannot point to any authority clearly establishing such a "right." Thus, because Defendants were not on

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Reply Brief in Support of Defendants'
Motion for Summary Judgment         8                            C 05-01374 JF

notice that their alleged conduct may violate Duarte's constitutional rights, they are entitled to qualified immunity.

## IV.
## CONCLUSION

Based on the foregoing, Defendants ask the Court to grant their summary judgment motion in its entirety and dismiss this action with prejudice.

Dated: February 4, 2008

Respectfully submitted,

ANN MILLER RAVEL
County Counsel

By: _____
NEYSA A. FLIGOR
Deputy County Counsel

Attorneys for Defendants
OFFICER MARTYN BEVAN AND
OFFICER HARPREET GILL

111246.wpd

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Reply Brief in Support of Defendants'
Motion for Summary Judgment          9                    C 05-01374 JF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE)

**PROOF OF SERVICE BY MAIL**

*ERIC DUARTE v. LAURA SMITH SHERIFF OF COUNTY OF SANTA CLARA, et al.*

Case No.: C 05-01374 JF

I, Alexandra K. Weight, say:

I am now and at all times herein mentioned have been over the age of eighteen years, employed in Santa Clara County, California, and not a party to the within action or cause; that my business address is 70 West Hedding, East Wing, 9th Floor, San Jose, California 95110-1770. I am readily familiar with the County's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I served a copy of the **REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** by placing said copy in an envelope addressed to:

Eric Duarte, T-24814
Salinas Valley State Prison
Facility A4-235-L
P.O. Box 1050
Soledad, California 93960-1060

which envelope was then sealed, with postage fully prepaid thereon, on **February 4, 2008**, and placed for collection and mailing at my place of business following ordinary business practices. Said correspondence will be deposited with the United States Postal Service at San Jose, California, on the above-referenced date in the ordinary course of business; there is delivery Service by United States mail at the place so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **February 4, 2008**, at San Jose, California.

_____
Alexandra K. Weight

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Proof of Service by Mail    1    C 05-01374 JF

111925.wpd