ANN MILLER RAVEL, County Counsel (S.B. #62139)
NEYSA A. FLIGOR, Deputy County Counsel (S.B. #215876)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding, East Wing, Ninth Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

**E-FILING**

Attorneys for Defendants
OFFICER MARTYN BEVAN AND
OFFICER HARPREET GILL

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE)

| | |
|---|---|
| ERIC DUARTE,<br><br>　　Plaintiff,<br><br>v.<br><br>LAURA SMITH SHERIFF OF SANTA CLARA COUNTY, et al.,<br><br>　　Defendants. | No. C 05-01374 JF<br><br>**AFFIDAVIT OF CAPTAIN TROY BELIVEAU IN SUPPORT OF REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: Honorable Jeremy Fogel<br>Courtroom 3, 5th Floor<br>Hearing Date: Not Applicable |

I, TROY BELIVEAU, declare:

1. I have personal knowledge of all the foregoing matters and could testify truthfully thereto if called to testify.

2. I have been employed by the Santa Clara County Department of Correction ("DOC") from February 1988 to the present and I have held the rank of Captain since April, 2007. I am currently the Division Commander for DOC's Support Services, where my responsibilities include the Administration/Booking Unit, the Classification Unit, and the Operations and Programs Unit. After promotion to Lieutenant in April 2001, I served as the Main Jail Watch Commander until September 2001 and again from November 2004 to May 2006. In that role I oversaw the daily operations of the Main Jail and handled inmate concerns,

Affidavit of Captain Troy Beliveau in
Support of Reply Brief in Support of
Defendants' Motion for Summary Judgment      1                     C 05-01374 JF

complaints and discipline matters. From September 2001 to November 2004 I was the Assistant Division Commander at the Elmwood Complex, where I was responsible for overall operations, inmate grievances, personnel matters and payroll, and interpretation of DOC procedures. From January 1992 to January 1993 I served as the Classification Sergeant.

3. I am thoroughly familiar with DOC's standards for training and supervision of its correctional officers in all areas of their responsibilities and with DOC's policies and procedures for DOC's Classification Unit. My familiarity in these areas includes the standards and procedures that govern the use of mechanical restraints on inmates and the transport of inmates to medical facilities. I have also reviewed the relevant portions of the DOC booking and classification files for plaintiff and former DOC inmate Eric Duarte, whose date of birth is June 5, 1967 and whose DOC inmate number was CCI 496 ("Duarte").

4. DOC standards for officer escort and inmate restraint generally require that all inmates who are being transported to any outside facility shall be waist-chained and leg shackled (unless they are pregnant), regardless of their security classification level. A leg-shackled inmate is permitted to walk as slowly as he or she feels is necessary while being escorted.

5 DOC standards recognize that unusual circumstances may require the standards for leg shackling to be altered. But a transport officer does not have the authority to propose or carry out such an alteration. Rather, when medical staff at DOC or at a hospital believe the application of restraints is likely to negatively affect the inmate's medical condition, it is within their discretion to convey their recommendation to the DOC transport officer, who in turn must advise the on-duty Sergeant of the situation. The Sergeant shall weigh the medical staff's recommendation in light of the inmate's physical condition and their current and past behavior as it pertains to security and safety of the inmate and officer, then decide whether the restraints should be removed or reduced, and instruct the transport officer accordingly.

6. Because inmates have been known to fake injuries, inflict injuries, or to exaggerate their severity in order to create opportunities to escape, DOC officers have to be cautious about taking a possibly injured inmate's word for what type of injury he or she may have, how bad it

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Affidavit of Captain Troy Beliveau in
Support of Reply Brief in Support of
Defendants' Motion for Summary Judgment    2    C 05-01374 JF

might be, or what should be done to accommodate the injury.

7. The same considerations that govern any alteration of shackling requirements also pertain to the use of wheelchairs for injured inmates. That decision can only be initiated by medical staff and approved by an on-duty Sergeant. In addition to obtaining the approval of the on-duty Sergeant, the Sergeant would also need to send a DOC van that accommodates wheelchairs to pick up the inmate, in this case, Duarte from VMC.

8. In addition to the ambulatory nature of Duarte's injury, my review of his DOC booking and classification files show that in October 2004 **he was identified as an "extreme escape risk."** At all times during his DOC incarceration, Duarte was classified as a "Level 4" inmate, which is the highest security level used by DOC's Classification Unit.

9. A true and correct copy of Duarte's classification card is attached as Exhibit "A." That card contains the following two handwritten notations:

"Contact Classification Officer before any movement out of the facility. Sgt. Jones"

"10/27/04 per Sgt. Csasanyi. EXTREME ESCAPE RISK."

Duarte's court records show the following: A jury convicted him of numerous felonies, including armed robbery, on September 30, 2004, and he was scheduled to return to court on October 29, 2004 for sentencing, two days after his injury. His criminal history at the time of these convictions showed that since March 29, 2003, he had been booked on a total of 47 felony charges, including those in the subject trial. Sentencing in the subject case was not pronounced until December 23, 2004 and Duarte received a sentence of 150 years to life (six consecutive life terms) to be served consecutively with a separate sentence of 63 years and four months.

10. The redacted sections on Exhibit A are redacted for security reasons. This information is highly confidential and has been redacted because disclosure of that information would pose a severe and specific risk to the order, safety, and security of DOC staff, its inmates, and the facility. DOC has invested a great amount of resources in developing its Classification system, and the classification coding system contain high levels of operational detail and reflect the underlying design of DOC's Classification system. If the redacted information were disclosed, current and future inmates could obtain sufficient knowledge to manipulate the

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Affidavit of Captain Troy Beliveau in
Support of Reply Brief in Support of
Defendants' Motion for Summary Judgment    3    C 05-01374 JF

Classification system and their housing in order, for example, to plan and carry out assaults on other inmates and on DOC staff. Inmates who gained such knowledge could use it to manipulate those inmates or otherwise threaten their safety.

11. There is no indication in Duarte's DOC file that any medical staff informed Officer Bevan or any other DOC correctional staff that Duarte needed a wheelchair at any time from the date of the subject injury to his return to DOC after his appointment at VMC on October 28, 2004, nor did any medical staff advise that Duarte should not be leg shackled while being transported to or from VMC for his appointment on that day. Neither is there any indication that such actions were approved by an on-duty Sergeant. Based on my training and experience, I conclude that under the facts of this case, Officer Bevan had no authority to remove Duarte's leg shackles or to decide on his own to provide Duarte with a wheelchair.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on February 4, 2008 at San Jose, California.

*TROY BELIVEAU*

111924 wpd

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Affidavit of Captain Troy Beliveau in
Support of Reply Brief in Support of
Defendants' Motion for Summary Judgment    4    C 05-01374 JF

## CLASSIFICATION CARD

729 REV 3/92

| HOUSING HISTORY | CODE | CELL | H.C. | DATE | EXPLANATION REFERENCE | BADGE# | DUARTE ERIC 03016674 CCI496 Photo# 1144160 |
|---|---|---|---|---|---|---|---|
| | 4 | 5A | | 3/29/3 | | 1978 | |
| | 4 | 317 346 | REDACTED | 4-1-03 | | | |
| | 4 | 317 | | 7-22- | zm | | |
| | 4 | 317 | | 2-12-4 | update | | |
| | 4 | 2-B | | 10/29/04 | 2130 - CONTACT | | |
| | 4 | 306 | | 12/07 | CLASSIFICATION | | |
| | 4 | 283 | | 12/9 | OFFICER BEFORE ANY | | |
| | 4 | 317 | | 12 | MOVEMENT OUT OF THE #1247 FACILITY, SGT JONES 10/27/04 PER SGT. CHAISAVYI. EXTREME ESCAPE RISK. | | |

CHARGE: PC 211     (FEL) OR MISD     RACE H     NOTES

NAME: Duarte Eric     CEN# 03016674     CCI496

CONFIDENTIAL

EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE)

**PROOF OF SERVICE BY MAIL**

*ERIC DUARTE v. LAURA SMITH SHERIFF OF COUNTY OF SANTA CLARA, et al.*

Case No.: C 05-01374 JF

I, Alexandra K. Weight, say:

I am now and at all times herein mentioned have been over the age of eighteen years, employed in Santa Clara County, California, and not a party to the within action or cause; that my business address is 70 West Hedding, East Wing, 9th Floor, San Jose, California 95110-1770. I am readily familiar with the County's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I served a copy of the **AFFIDAVIT OF CAPTAIN TROY BELIVEAU IN SUPPORT OF REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** by placing said copy in an envelope addressed to:

Eric Duarte, T-24814
Salinas Valley State Prison
Facility A4-235-L
P.O. Box 1050
Soledad, California 93960-1060

which envelope was then sealed, with postage fully prepaid thereon, on **February 4, 2008**, and placed for collection and mailing at my place of business following ordinary business practices. Said correspondence will be deposited with the United States Postal Service at San Jose, California, on the above-referenced date in the ordinary course of business; there is delivery Service by United States mail at the place so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **February 4, 2008**, at San Jose, California.

_____
Alexandra K. Weight

111925.wpd

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Proof of Service by Mail   1   C 05-01374 JF