```
Eric C. Duarte, T-24814
SALINAS VALLEY STATE PRISON
FACILITY A4/235
P.O. BOX 1050
SOLEDAD, CALIFORNIA 93960-1060
IN PROPIA PERSONA
```

FILED
2008 FEB 13 A 7:30
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO DIST OF CA. S.J.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE)

| | |
|---|---|
| Eric C. Duarte,<br><br>    Plaintiff,<br><br>    v.<br><br>Laura Smith, Sheriff of Santa Clara County, et al.<br><br>    Defendants. | No. C 05-01374 JF<br><br>PLAINTIFF ERIC DUARTE'S OBJECTION TO EVIDENCE CITED IN DEFENDANT'S MOTION IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DEFENDANT'S QUALIFIED IMMUNITY ARGUMENT SHOULD BE REJECTED<br><br>Judge: Honorable Jeremy Fogel<br>Courtroom 3, 5th Floor<br>Hearing Date: Not Applicable |

Plaintiff Eric Duarte Hereby objects to the following evidence presented by defendants Gill and Bevan in connection with their motion for Summary Judgment.

1. Captain Troy Beliveau is not Qualified to offer expert Testimony in this case, and his Declaration, and Report are not helpfull to the Trier of Fact.

Captain troy Beliveau, States that he believed he was qualified to testify about what action the defendants took, whether those actions were reasonable, and whether those actions amounted

-1-                                                         C 05-01374 JF

to deliberate indifference (Beliveau Decl.Exh.A.¶1;19-21).
When expert testimony is proffered,The Trial Judge is required to determine whether the expertise underlying the testimony is sufficiently reliable,and whether the testimony would be helpfull to the Trier of fact.see Daubert v. Merrell Dow,509 U.S.579,592(1993)("Faced with a proffer of expert scientific testimony,then,the Trial Judge must determine at the outset, pursuant to Rule 104(a),Whether the expert is proposing to testify to;

1. Scientific knowledge that will assist the Trier of fact to understand or determine a fact in issue.")

Kumho Tire Co.,Ltd v. Carmichael,526 U.S.137,149 (1999)(Applying Daubert to all forms of expert testimony),Beliveau's testimony is neither.

A. BELIVEAU'S DECLARATION AND REPORT ARE NOT HELPFULL TO THE TRIER OF FACT AS THEY AMOUNT TO NOTHING MORE THAN EVALUATING THE CREDIBILITY OF WITNESSES AND DRAWING CONCLUSIONS EXCLUSIVELY RELEGATED TO THE JURY.

"[E]xpert testimony which does nothing but vouch for the credibility of another witness encroaches upon the Jury's vital and exclusive function to make credibility determinations, and therefore does not assist the Trier of Fact as required by Rule 702", U.S. v. Charley,189 F.3d 1251,1267(10th Cir.1999). See Pelster v. Ray,987 F.2d 514,526(8th Cir.1993)(Finding that lay people have the ability to compare documents in a case

-2-   C 05-01374 JF

1  and make conclusions based on that comparison).
2      In United States v. Schatle, 901 F.2d 252 (2nd Cir.1990), The
3  Circuit Court upheld the District Court's Exclusion of expert
4  Testimony as to whether the use of Force was "reasonable". Id. at
5  257. The Appellate Court Found "No Error" when the "District
6  Court concluded that the Jury was capable of assessing the
7  reasonableness of the [defendant's] conduct on its own and that
8  [Defendant's] expert opinion on the issue might confuse the
9  Jury." Id.  In Pelster, The fact that the expert was an
10 investigator for the state led the court to find that his
11 testimony was particulary prejudicial. See Pelster, 987 F.2d
12 514, at 526-7.
13     Beliveau is a state Prison official who claims as part of
14 his relevant experience is handling inmate grievance, personnel
15 matters and payroll, and interpretation of D.O.C. procedures.
16 (Beliveau Decl. ¶2;3-4) His analysis of this case amounts to
17 nothing more than an evaluation of the Documents in the record
18 to determine the credibility of the witnesses, Developing his
19 own version of the facts, and concluding whether the Defendant's
20 actions were reasonable. (See Beliveau's Decl. in general) This
21 kind of testimony falls squarely under the line of cases
22 excluding proffered expert testimony that invades the exclusive
23 province of the Jury.
24     At most, and only if the court determines his experience
25 is sufficiently reliable to constitute expert testimony, Beliveau
26 would be allowed to testify only as to what the policy and
27 procedures of the D.O.C. are, yet as the analysis below make
28

clear,Beliveau's experience is not sufficiently reliable for the Court to consider that testimony either.

Beliveau opines on what he believes D.O.C. policies and procedures are,but did not provide D.O.C. Policies to support his Declaration and report. He did not cite to any policies or procedures in his Declaration, He did not produce any written copies of these policies or reports. Plaintiff has not had an opportunity to depose Beliveau,His Declaration shows that Beliveau expects the Court to simply take hiw word that he knows what D.O.C. policies and procedures are.

Because BELIVEAU CANNOT OFFER SPECIFIC EVIDENCe on D.O.C. Policies and procedures,it seems clear that the only purpose of his testimony is to survey the evidence and tell the Jury whom to believe and what result to reach.

Accordingly,Plaintiff ask that all of Beliveau's Declaration, and Exhibits be stricken.

B. THE DEFENDANT'S QUALIFIED IMMUNITY ARGUMENT ARE WAIVED BECAUSE THEY FAILED TO RAISE IT IN THEIR INITIAL MOTION FOR SUMMARY JUDGMENT

First,The Court should not entertain the Defendant;s qualified immunity argument because they waived it in their initial motion for Summary Judgment. See Diloreto v. Borough of Oaklyl,744 F.Supp.610,616-18(D.N.J.1990)("Immunity was waived by failure to raise it in answer of pre-trial order).

Even if the Court Decides that the defendant's qualified

immunity argument is not waived, The Defendant's qualified immunity argument is interwined with their argument on the merits and must be denied.(Def's Reply,¶;2-28).

The defendants argue that they are entitled to qualified immunity"because defendants were not on notice that their alleged conduct may Violate Plaintiff's Constitutional Rights,They are entitled to qualified immunity".

Defendant's argument,whether defendant's behavior was unlawful from the perspective of a reasonable officer in the situation,is a re-statement of the standard for determining whether an alleged Constitutional Right is"Clearly Established".See Saucier v.Katz, 533 U.S.194,202(2001). Any Suggestion that it was unclear whether deliberate indifference to a Prisoner's serious medical needs was a Constitutional Violation by 2003 is untenable. Two seminal cases the defendants cite regarding the Standard for Deliberate Indifference were(Estelle v. Gamble,Decided in 1976,and Farmer v. Brennan,Decided in 1991)(Def.BRF.#__)Indeed, In defendant's own Brief there is only one case cited in the Deliberate Indifference section that was decided after 1997,and even then that case,(Gibson v. County of Washoe(2002),was only cited as part of a string cite to Farmer(1991).

The defendants cite Farmer v. Brennan,511 U.S.825,844-845(1994) to reiterate the importance of evaluating whether it would have been clear to a reasonable officer that the defendant's conduct was Lawful.(reply BRF.¶4;4-25). The Supreme Court settled the Law in Farmer. So,...it would have been clear to a reasonable prison official that he knew about an excessive risk to inmate

safety,... He would Violate the Law by Disregarding it.

Taken in the Light most favorable to Plaintiff, the Defendants were aware that Plaintiff was suffering severe Pain in his deformed foot(which was visible to the eye), and that this pain was excruciating: Plaintiff's alleged harm Constitutes more than just a substantial <u>Risk</u> of serious harm, His severe foot pain(Fractured bone) constitutes <u>actual</u> serious harm.

Moreover, at Summary Judgment, Plaintiff is entitled to a reasonable inference that because the defendant knew he was suffering from a broken foot, The defendants knew he faced a substantial risk of permanant damage.

A reasonable Correctional officer would know that Deliberate indifference to an inmate's serious medical need would be unlawful.

CONCLUSION

For the forgoing reasons, The Court should deny defendant's motion for Summary judgment. There is sufficient evidence for a reasonable factfinder to find that defendants were Deliberately indifferent to Plaintiff's serious medical condition, and are not protected by qualified immunity.

Dated 2/10/08

Respectfully Submitted,

*Eric C. Duarte*

Eric C. Duarte
In Pro Per

STATE OF CALIFORNIA                              COUNTY OF MONTEREY

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC 1746)

I, __ERIC C. DUARTE__ declare under penalty of perjury that: I am the __PLAINTIFF__ in the above entitled action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this __10th__ day of __February__, 20__08__, at Salinas Valley State Prison, Soledad, CA 93960-1050.

(Signature) _Eric C. Duarte_
DECLARANT/PRISONER

## PROOF OF SERVICE BY MAIL

(C.C.P. SEC 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, __ERIC C. DUARTE__, am a resident of California State Prison, I the County of Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of the above entitled action. My state prison address is: P.O. Box 1050, Soledad, CA 93960-1050.

On __February 10th__, 20__08__, I served the foregoing: __PLAINTIFF ERIC .C DUARTE'S__

__OBJECTION TO EVIDENCE CITED IN DEFENDANT'S MOTION IN REPLY TO PLAINTIFF'S__

__OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DEFENDANT'S__

__QUALIFIED IMMUNITY ARGUMENT SHOULD BE REJECTED__

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State Prison, Soledad, CA 93960-1050.

__NEYSA A. FLIGOR, DEPUTY COUNTY COUNSEL, OFFICE OF THE COUNTY COUNSEL__

__70 WEST HEDDING, EAST WING, NINTH FLOOR__

__SAN JOSE, CALIFORNIA 95110-1770__

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: __February 10th__, 20__08__

_Eric C. Duarte_
DECLARANT/PRISONER

Facility A4/235/L
P.O. Box 1050

Office of the Clerk, U.S. District Co.
Northern District of California
280 South First Street #2112
San Jose, California
95113-3008

Confidential
Legal Mail

STATE PRISON
GENERATED MAIL