ANN MILLER RAVEL, County Counsel (S.B. #62139)
KEVIN M. HAMMON, Deputy County Counsel (S.B. #232360)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding, East Wing, Ninth Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Attorneys for Defendants
OFFICER MARTYN BEVAN AND
OFFICER HARPREET GILL

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE)

| | |
|---|---|
| ERIC DUARTE,<br><br>Plaintiff,<br><br>v.<br><br>LAURA SMITH SHERIFF OF SANTA CLARA COUNTY, et al.<br><br>Defendants. | No. C 05-01374 JF<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE**<br><br>Judge: Honorable Jeremy Fogel<br>Courtroom 3, 5th Floor<br>Hearing Date: Not Applicable |

I.

INTRODUCTION

Defendants Officers Martyn Bevan and Harpreet Gill ("Defendants") hereby respond to Plaintiff Eric Duarte's ("Plaintiff") Objections to Evidence. Plaintiff objects to the affidavit submitted by Captain Troy Beliveau in support of Defendants' motion for summary judgment on the ground that Captain Beliveau is not qualified to provide expert testimony here. (*See* Affidavit of Captain Troy Beliveau in Support of Reply Brief in Support of Defendants' Motion for Summary Judgment ("Beliveau Affidavit").) Plaintiff's objection is misplaced because the Beliveau Affidavit includes no purported expert testimony. Instead the affidavit includes only admissible lay witness testimony based upon Captain Beliveau's personal knowledge. Plaintiff

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defendants' Response to Plaintiff's
Objections to Evidence                 1                    C 05-01374 JF

also objects to Defendants' qualified immunity defense on the ground that Defendants waived it by failing to raise it in their initial motion for summary judgment. Yet ultimately, the qualified immunity defense has not been waived because Defendants explicitly raised it as an affirmative defense in their answer to Plaintiff's complaint.

## II.

## ARGUMENT

### A. THE BELIVEAU AFFIDAVIT IS ADMISSIBLE LAY WITNESS OPINION TESTIMONY.

Expert witness testimony is based upon scientific, technical, or other specialized knowledge. (Fed. R. Evid. 701, 702.) Expert testimony is admissible only if it is: (1) based upon sufficient facts or data; (2) derives from reliable principles and methods; and (3) has been applied reliably by the witness to the facts of the case. (Fed. R. Evid. 702.) In contrast, lay witness testimony is based only upon the perception of the witness. (Fed. R. Evid. 701.) An official may offer lay witness testimony based upon the personal knowledge he gains through his position. (*City of Arcadia v. E.P.A.*, 2005 WL 1403006, *1 (9th Cir. 2005).) A lay witness may offer testimony based upon his "knowledge and participation in the day-to-day affairs of his business." (*Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1175 (3rd Cir. 1993).) This type of testimony does not constitute expert testimony. (*Id.*)

Here, Plaintiff contends that the Beliveau Affidavit should be stricken because it allegedly contains inadmissible expert testimony. This contention mischaracterizes the nature of Captain Beliveau's testimony. The Beliveau Affidavit contains only lay witness testimony. It contains no testimony based upon scientific, technical, or other specialized knowledge. Therefore, the Beliveau Affidavit cannot be subject to the expert testimony admissibility requirements contained in Federal Rule of Evidence 702.

In his affidavit, Captain Beliveau describes the Santa Clara County Department of Corrections' ("DOC") policies and procedures for DOC's Classification Unit, including the standards and procedures that govern the use of mechanical restraints on inmates and the transport of inmates to medical facilities. (Beliveau Affidavit, ¶ 3.) This testimony is rationally

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defendants' Response to Plaintiff's
Objections to Evidence                    2                    C 05-01374 JF

based upon the perception of the witness because Captain Beliveau is the Division Commander for DOC's Support Services, where his responsibilities include the Administration/Booking Unit, the Classification Unit, and the Operations and Programs Unit. (*Id.* at ¶ 2.) Moreover, Captain Beliveau has been a DOC employee for twenty years, serving as a Lieutenant since 2001 and a Captain since 2007. (*Id.*) The testimony contained in the Beliveau Affidavit is therefore admissible as lay witness testimony.

### B. DEFENDANTS HAVE NOT WAIVED THEIR QUALIFIED IMMUNITY DEFENSE.

Plaintiff claims that Defendants have waived their qualified immunity defense by failing to raise it in their initial motion for summary judgment. In support of this proposition, Plaintiff cites *DiLoreto v. Borough of Oakyln*, 744 F.Supp. 610, 616-618 (D.N.J. 1990). In *DiLoreto*, a New Jersey district court found that a defendant therein had waived her qualified immunity defense by failing to raise it in her *answer* to the plaintiffs' complaint. (*DiLoreto*, 744 F.Supp. at 616.) However, unlike the *DiLoreto* defendant, Officers Gill and Bevan explicitly raised qualified immunity as an affirmative defense in their answer. (Answer to Amended Complaint by Officers Gill and Bevan, 6:1-8.) Therefore, qualified immunity has not been waived here. The Court may grant Defendants' motion for summary judgment on qualified immunity grounds.

Moreover, a legal argument is not waived simply because it is raised for the first time in a reply brief. (*Glenn K. Jackson v. Roe*, 273 F.3d 1192, 1202 (Cal. 2001).) This is particularly true here because Defendants' qualified immunity defense is inextricably connected to Plaintiff's alleged constitutional violations. "In a suit against an officer for an alleged violation of a constitutional right, the requisites of a qualified immunity defense *must* be considered in proper sequence." (*Saucier v. Katz*, 533 U.S. 194, 200 (2001) (emphasis added).) Even if it is raised for the first time in a reply brief, a legal argument may warrant summary judgment when it is supported by the record. (*Glenn K. Jackson v. Roe*, 273 F.3d at 1202.)

//

//

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defendants' Response to Plaintiff's
Objections to Evidence                3                C 05-01374 JF

## III.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court overrule Plaintiff's objections, and find that: 1) the Beliveau Affidavit constitutes admissible lay opinion testimony; and 2) Defendants have not waived their qualified immunity defense.

Dated: April 22, 2008

Respectfully submitted,

ANN MILLER RAVEL
County Counsel

By: _____/S/_____
KEVIN M. HAMMON
Deputy County Counsel

Attorneys for Defendants
OFFICER MARTYN BEVAN
AND OFFICER HARPREET GILL

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defendants' Response to Plaintiff's
Objections to Evidence

4

C 05-01374 JF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE)

PROOF OF SERVICE BY MAIL

*Eric Duarte V. Laura Smith Sheriff of County of Santa Clara, et al.*

Case No.: C05-01374 JF

I, Catherine Grijalva, say:

I am now and at all times herein mentioned have been over the age of eighteen years, employed in Santa Clara County, California, and not a party to the within action or cause; that my business address is 70 West Hedding, East Wing, 9th Floor, San Jose, California 95110-1770. I am readily familiar with the County's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I served a copy of **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE** by placing said copy in an envelope addressed to:

Eric Duarte, T-24814
Salinas Valley State Prison
Facility A4-235-L
P.O. Box 1050
Soledad, California 93960-1060

which envelope was then sealed, with postage fully prepaid thereon, on **April 22, 2008**, and placed for collection and mailing at my place of business following ordinary business practices. Said correspondence will be deposited with the United States Postal Service at San Jose, California, on the above-referenced date in the ordinary course of business; there is delivery Service by United States mail at the place so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **April 22, 2008**, at San Jose, California.

_____
Catherine Grijalva

107112.wpd