NOT FOR CITATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIC DUARTE, | No. C 05-01374 JF (PR) |
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| LAURIE SMITH SHERIFF OF SANTA CLARA COUNTY, et al., | |
| Defendants. | (Docket No. 69) |

    Plaintiff, a California state prisoner proceeding pro se, filed the instant civil rights action under 42 U.S.C. § 1983, alleging that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Defendants move for summary judgment on the ground that there are no material facts in dispute and that they are entitled to judgment as a matter of law on all claims. Plaintiff has filed opposition to the motion, Defendants have filed a reply, and Plaintiff has filed objections to the reply. After reviewing the briefs, the Court concludes that Defendants are entitled to judgment in part and will GRANT Defendants' motion as to all claims against Defendant Harpreet Gill. The Court will order further briefing with

respect to Defendants' assertion that they are immune from suit as to the remaining claims against Defendant Martyn Bevan and an unnamed correction officer.

**BACKGROUND**

Plaintiff alleges that correctional officers and medical personnel at the Santa Clara County Main Jail caused him unnecessary pain and suffering by unduly delaying medical treatment for his injured foot and forcing him to walk on the foot without assistance.[1] Plaintiff alleges that "[w]hile playing handball in the jail's recreation area at [] 9:30 P.M. on October 27, 2004, [he] slip[p]ed and fell, breaking his left fifth meta[tarsal] bone." Pl.'s Opp. Mot. Summ. J. at 3. Plaintiff claims that he notified Officer Gill, who then cuffed Plaintiff and "made" him walk back to his cell. Id. at 4. At the same time, Plaintiff also states that Officer Gill adjusted the handcuffs in order to decrease Plaintiff's discomfort and had Plaintiff's cellmate, Melecho Casarez, help Plaintiff walk back to his cell. Decl. of Eric Duarte in Support of Opp. at 3.[2] Plaintiff alleges that Officer Gill contacted the jail's medical staff at about 10:10 p.m., at which time someone came to his cell look at his injured foot. Id. at 1. Plaintiff alleges that after assessing the injury, Nurse Myrna gave him an ice pack and recommended he take the Motrin he had been given earlier that day for a previous injury. Id. at 2. According to Plaintiff, the nurse also stated that she was unable to do anything more at that time because no doctor was on duty. Id.

Plaintiff alleges that at 10 a.m. on the following day, members of the jail's medical staff took x-rays of his foot and then informed the escorting correctional officer that Plaintiff's foot was broken. Id. Plaintiff claims that he then was "made" to walk back to his cell unassisted and in leg shackles. Id. Plaintiff states that a doctor read his x-rays at 2 p.m., after which Plaintiff was transported to Santa Clara Valley Medical Center ("SCVMC") at 4:30 p.m. by Officer Bevan, who also "made" Plaintiff walk on his broken foot at various times. Id. 4.

Plaintiff asserts that thereafter he was discharged from the medical center with

---

1. Plaintiff is currently housed in Salinas Valley State Prison.

2. Plaintiff entitles this document an affidavit. Although the document is not notarized, it is submitted under penalty of perjury.

Order Granting In Part Defendants' Motion for Summary Judgment
G:\pro-se\sj.jf\cr.05\Duarte374.msj.grant.md      2

1  instructions to wear an orthopedic shoe, use crutches, apply an ice pack to the injury, and to take
2  Vicodin.  Id. at 4-5.  Plaintiff alleges that he was denied the use of wheelchair, that he refused to
3  use crutches because the leg shackles and other restraints made it "impossible" to use them, and
4  that once again he was "made" to walk to the van, which carried him back to jail by 8:30 p.m.
5  Id. at 5; Pl.'s Decl. at 3.  Plaintiff states that he had great difficulty stepping into the van and
6  ended up falling on his stomach because the pain was so great.  Pl.'s Decl. at 2.

7       Plaintiff alleges that on the next day, October 29, he initially was at first denied the use of
8  a wheelchair and refused to walk to criminal court, where he was scheduled to appear.  Pl.'s
9  Decl. at 3.  After he filed a grievance, a wheelchair was brought to his cell door.  Id.  After his
10 court appearance, he was transferred to the jail's medical unit.  Id.  Plaintiff alleges that while in
11 the medical unit, he was denied his prescribed pain medication and "filed an inmate complaint
12 complaining that he was receiving [M]otrins by the jail medical staff instead of the [Vicodin] for
13 the excruciating pain he was experiencing."  Id. at 6.

14      Defendants for the most part do not dispute these material facts.  They add, however, that
15 Plaintiff was given a wheelchair when he was housed in the jail's medical unit.  Defs.' Mot.
16 Summ. J. ("MSJ") at 4.  Defendants also allege that on November 3, 2004, Plaintiff was seen at
17 the jail's infirmary for a follow-up appointment, at which time Plaintiff told the doctor that he
18 did not want a cast for his foot because he did not want to stay in the special medical unit.  Id.
19 According to Defendants, Plaintiff had another medical appointment on November 4, at which
20 time a doctor instructed Plaintiff to wear a hard-soled shoe for five weeks.  Id. at 5.  Defendants
21 also present evidence that a month later, Plaintiff received a check-up in the jail infirmary at
22 which time he was found to be "ambulatory with a steady gait."  Id.  "An orthopedist determined
23 that Plaintiff no longer needed crutches and could reassigned out of the special medical unit to
24 live with the general inmate population.  Plaintiff received no further medical treatment
25 pertaining to his foot fracture."  Id.

26      Plaintiff's initial complaint, which was assigned to Judge Wilken, named Sheriff Laurie
27 Smith, Jail Commander Toby Wong, and then-unnamed medical staff and correctional officers as
28

Order Granting In Part Defendants' Motion for Summary Judgment
G:\pro-se\sj.jf\cr.05\Duarte374.msj.grant.md     3

defendants.[3]  Docket No. 1.  Plaintiff later filed an amended complaint naming other defendants. Docket No. 60.  Judge Wilken granted Defendants' motion for summary judgment as to the claims against Defendants Smith, Wong, Nguyen, Myrna, and Csabanyi, leaving only Officers Harpreet Gill and Martyn Bevan and an unnamed person as Defendants.[4]  Docket Nos. 57, 59. In the same order, Judge Wilken found that there was a triable issue of fact as to whether Plaintiff's foot injury constituted a serious medical need.  Docket No. 59 at 9.  After the case was reassigned to this Court, Defendants Gill and Bevan filed an answer and a motion for summary judgment.  Docket Nos. 68, 69.

**DISCUSSION**

**I.    Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the

---

3. The action was reassigned in November 2007.  Docket No. 67.

4. Plaintiff had filed a request to dismiss Smith as a defendant.

Order Granting In Part Defendants' Motion for Summary Judgment
G:\pro-se\sj.jf\cr.05\Duarte374.msj.grant.md          4

pleadings and, by its' own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). It is not the task of the court to scour the record in search of a genuine issue of triable fact. Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. Id. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex Corp v. Catrett, 477 U.S. at 323.

## II.    Plaintiff's Claims

Plaintiff alleges that (1) Officer Gill "[w]hen notified of [] [the] injury at [9:30 p.m.] took no steps to immediately call for medical assistance," but rather secured Plaintiff and brought him back to his cell, forcing him to walk on his injured foot; and (2) Officer Bevan and a unnamed defendant did nothing to assist Plaintiff, but rather "forced" him in and out of the van that transported him to SCVMC, as well as forcing him to walk unassisted at other times. Am. Compl. at 2-4.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. See Farmer, 511 U.S. at 832; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, see Farmer, 511 U.S. at 834

1  (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a
2  sufficiently culpable state of mind, i.e., the offending conduct was wanton, id. (citing Wilson,
3  501 U.S. at 297).

4      In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy
5  the objective first component of an Eighth Amendment claim, a court must consider the
6  circumstances, nature, and duration of the deprivation.  The more basic the need, the shorter the
7  time it may be withheld.  See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).  Substantial
8  deprivations of shelter, food, drinking water or sanitation for four days, for example, are
9  sufficiently serious to satisfy the objective component of an Eighth Amendment claim.  See id. at
10  732-733; see, e.g., Hearns v. Terhune, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (allegations of
11  serious health hazards in disciplinary segregation yard for a period of nine months, including
12  toilets that did not work, sinks that were rusted and stagnant pools of water infested with insects,
13  and a lack of cold water even though the temperature in the prison yard exceeded 100 degrees,
14  enough to state a claim of unconstitutional prison conditions); Anderson v. County of Kern, 45
15  F.3d 1310, 1314 (9th Cir.) ("[A] lack of sanitation that is severe or prolonged can constitute an
16  infliction of pain within the meaning of the Eighth Amendment."), amended, 75 F.3d 448 (9th
17  Cir.), cert. denied, 516 U.S. 916 (1995).

18      What is required to establish the second element of an unnecessary and wanton infliction
19  of pain varies according to the nature of the alleged constitutional violation.  Whitley v. Albers,
20  475 U.S. 312, 320 (1986).   In cases concerning conditions of confinement, such as this one, the
21  necessary state of mind is one of "deliberate indifference."  See, e.g., Farmer, 511 U.S. at 834
22  (inmate safety); Helling, 509 U.S. at 32-33 (inmate health); Wilson, 501 U.S. at 302-03 (general
23  conditions of confinement); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (inmate health).  Neither
24  negligence nor gross negligence will constitute deliberate indifference.  See Farmer, 511 U.S. at
25  835-36 & n.4; see also Estelle, 429 U.S. at 106 (establishing that deliberate indifference requires
26  more than negligence).  A prison official cannot be held liable under the Eighth Amendment for
27  denying an inmate humane conditions of confinement unless the standard for criminal
28  recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health

or safety. See Farmer, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id. An Eighth Amendment claimant need not show, however, that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. See id. at 842; see also Robins v. Meecham, 60 F.3d 1436, 1439-40 (9th Cir. 1995) (bystander-inmate injured when guards allegedly used excessive force on another inmate need not show that guards intended to harm bystander-inmate).

Applying these principles to the instant case, the Court concludes that Plaintiff's claims against Officer Gill are appropriate for summary judgment. The parties do not dispute that Plaintiff injured his foot, that he received medical treatment, and that he walked, at times, on his injured foot. The parties do dispute whether the medical treatment was constitutionally adequate and whether having to walk on his injured foot was a violation of Plaintiff's Eighth Amendment rights.

Plaintiff has failed to establish either Farmer element with respect to Officer Gill. First, the record before the Court indicates that the alleged deprivation of the basic necessity of medical care was not objectively sufficiently serious – there was a slight delay in obtaining treatment, not a substantial deprivation of treatment itself. It is undisputed that Officer Gill summoned medical assistance at 10:10 p.m., forty minutes after Plaintiff injured his foot. Though Plaintiff may have experienced pain during this time, a delay of forty minutes cannot plausibly be called a substantial deprivation, especially considering that Plaintiff's life or general health were not in danger and that he did in fact receive appropriate medical care. Second, Plaintiff has not established that Officer Gill acted with deliberate indifference. When he first heard that Plaintiff was injured, Officer Gill had little or no knowledge as to how severely Plaintiff was injured and therefore could not have acted with deliberate indifference when he returned Plaintiff to his cell. According to Plaintiff's own statements, Officer Gill attempted to decrease Plaintiff's discomfort on the return walk. Moreover, because he apparently was working alone at the time, Officer Gill had to consider both the penological interest in keeping

1  Plaintiff restrained and the need to make accommodations in light of Plaintiff's injury.

2  The Court will order further briefing as to the claims regarding Officer Bevan and the unnamed correctional officer. Defendants assert that they are immune from suit because of the doctrine of qualified immunity. Ans. to Am. Compl. at 6. Plaintiff contends that Defendants waived this defense in the motion for summary judgment. Pl.'s Objections to Reply at 4. The Court concludes that while Defendants have not waived the defense, they have not provided sufficient notice of the defense to Plaintiff. Defendants did not claim qualified immunity in their motion for summary judgment but instead asserted it in their reply to Plaintiff's opposition. Because the doctrine of qualified immunity grants a government official immunity from suit, and not merely a defense to liability, this issue must be decided before trial. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Accordingly, the Court will direct Defendants to file an amended motion for summary judgment addressing the issue of qualified immunity as it applies to the remaining Defendants.

## CONCLUSION

For the reasons set forth above, the Court concludes that Plaintiff has failed to raise a genuine issue of material fact as to any constitutional violation committed by Defendant Gill and therefore concludes that this Defendant is entitled to judgment as a matter of law. Accordingly, Defendants' motion for summary judgment (Docket No. 69) is GRANTED as to all claims against Defendant Gill. Defendant Gill is hereby DISMISSED from the action.

Defendants shall file an amended motion for summary judgment in accordance with the instructions in this order within thirty (30) days of the date this order is filed. If Plaintiff chooses to respond to Defendants' amended motion, he must file opposition within thirty (30) days of the date of receipt of Defendants' motion and serve a copy of the opposition on Defendants' counsel. Defendants shall file a response to Plaintiff's opposition within fifteen (15) days of the date of receipt of Plaintiff's opposition.

If Defendants fail to timely file an amended motion in accordance with this order, the Court will deem the defense of qualified immunity waived.

**IT IS SO ORDERED.**

DATED: 6/12/08

JEREMY FOGEL
United States District Judge

Order Granting Defendants' Motion for Summary Judgment
G:\pro-se\sj.jf\cr.05\Duarte374.msj.grant.md