1  ANN MILLER RAVEL, County Counsel (S.B. #62139)
   MARCY L. BERKMAN, Deputy County Counsel (S.B. #151915)
2  OFFICE OF THE COUNTY COUNSEL
   70 West Hedding, East Wing, Ninth Floor
3  San Jose, California  95110-1770
   Telephone:  (408) 299-5900
4  Facsimile:  (408) 292-7240

5  Attorneys for Defendant
   OFFICER MARTYN BEVAN

6

7

8              UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                    (SAN JOSE)

10

11  ERIC DUARTE,                      )  No.  C 05-01374 JF
                                      )
12         Plaintiff,                 )  **NOTICE OF AMENDED MOTION
                                      )  AND AMENDED MOTION FOR
13                                    )  SUMMARY JUDGMENT OF
    v.                                )  DEFENDANT OFFICER MARTYN
14                                    )  BEVAN; MEMORANDUM OF
                                      )  POINTS AND AUTHORITIES IN
15  LAURA SMITH SHERIFF OF SANTA      )  SUPPORT THEREOF**
    CLARA COUNTY, et al.              )
16                                    )  Judge: Honorable Jeremy Fogel
           Defendants.                )  Courtroom 3, 5th Floor
17  _____   )  Hearing Date: Not Applicable

18

19

20

21

22

23

24

25

26

27

28

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Amended Motion for Summary
Judgment of Defendant Bevan

C 05-01374 JF

1

**NOTICE OF AMENDED MOTION AND AMENDED MOTION FOR SUMMARY JUDGMENT OF DEFENDANT OFFICER MARTYN BEVAN**

2

3  TO PLAINTIFF IN PRO PER:

4      PLEASE TAKE NOTICE that Defendant Officer Martyn Bevan will and hereby does

5  move this Court for summary judgment in regard to all claims for relief.  This Amended Motion

6  is based on the ground that there is no genuine issue as to any material fact and that Officer

7  Martyn Bevan is entitled to judgment as a matter of law.

8      This Amended Motion is based on the Notice of Amended Motion, Memorandum of

9  Points and Authorities in Support of Amended Motion for Summary Judgment, the previously

10  filed Affidavits of Alexander Chyorny, M.D., Carmen Gonzalez, and Captain Troy Beliveau,

11  copies of which are attached to the accompanying declaration of Deputy County Counsel Marcy

12  L. Berkman, and all papers and pleadings on file in this action.  Officer Bevan respectfully

13  requests that this Court grant his motion for summary judgment.

14  Dated: July 17, 2008                                  Respectfully submitted,

15                                                        ANN MILLER RAVEL
                                                          County Counsel
16

17                                        By:        _____/S/_____
                                                     MARCY L. BERKMAN
18                                                   Deputy County Counsel

19                                                   Attorneys for Defendant
                                                     OFFICER MARTYN BEVAN
20

21

22

23

24

25

26

27

28

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Amended Motion for Summary
Judgment of Defendant Bevan                    1                    C 05-01374 JF

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT OFFICER MARTYN BEVAN'S MOTION FOR SUMMARY JUDGMENT**

## I.

## INTRODUCTION

Plaintiff Eric Duarte ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1983 for alleged violations of his civil rights while in custody at the Santa Clara County Main Jail ("Main Jail"). Plaintiff alleges that Correctional Officers Martyn Bevan and Harpreet Gill caused him unnecessary pain and suffering by unduly delaying medical treatment for an injured foot and forcing him to walk on it unassisted.

On December 21, 2007, Officers Bevan and Gill filed a motion for summary judgment. They argued that Plaintiff could not establish that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. In their reply brief, Officers Bevan and Gill also argued that they are immune from suit under the doctrine of qualified immunity.

On June 18, 2008, the Court dismissed Defendant Gill from this action and granted summary judgment as to all claims against Defendant Gill. Thus, the only remaining Defendant is Officer Bevan. The Court directed Defendant Bevan to file an amended motion for summary judgment addressing the issue of qualified immunity because Plaintiff had not been provided with sufficient notice of the qualified immunity defense as that defense had not been raised in the moving papers of the summary judgment motion. Accordingly, Defendant Officer Bevan hereby moves for summary judgment based upon the doctrine of qualified immunity.

## II.

## ISSUE PRESENTED

1. Has Plaintiff met his burden of showing that Defendant Officer Bevan violated a clearly established constitutional right?

## III.

## PROCEDURAL HISTORY

On or about April 5, 2005, Plaintiff filed a complaint in the U.S. District Court for the Northern District of California under 42 U.S.C. § 1983 alleging that various officials at the

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Amended Motion for Summary
Judgment of Defendant Bevan                    2                    C 05-01374 JF

1    Main Jail violated his civil rights by denying him proper medical treatment for an injured foot.

2    On or about February 24, 2006, after screening Plaintiff's complaint pursuant to 28 U.S.C. §

3    1915a, this Court issued an Order of Service ("Order"). The Court determined that "[l]iberally

4    construed, Plaintiff's allegations present a cognizable claim for deliberate indifference to his

5    serious medical needs," a violation of the Eighth Amendment's proscription against cruel and

6    unusual punishment. (Order at 3:15-4:13.) The Court dismissed without prejudice Plaintiff's

7    claims against unnamed defendants and limited the action to supervisory liability against

8    defendants Sheriff Laurie Smith and Captain Toby Wong. (*Id.* at 4:14-5:23.)

9        Sheriff Smith and Captain Wong filed their Answer on April 25, 2006. The Court

10    ordered Sheriff Smith and Captain Wong to file a motion for summary judgment or other

11    dispositive motion in this matter within 90 days of the date their answer was due. (Order at 8:8-

12    10.) Sheriff Smith and Captain Wong's request for an extension of time to file their summary

13    judgment motion was granted.

14        Plaintiff filed a proposed amended Complaint to Add and Name Doe Defendants under

15    Civil Rights Action 42 U.S.C. § 1983 on July 14, 2006.

16        On September 6, 2006, Sheriff Smith and Captain Wong filed their summary judgment

17    motion. On November 3, 2006, Plaintiff filed a request to voluntarily dismiss Sheriff Smith.

18    On September 25, 2007, the Court granted Captain Wong's motion for summary judgment with

19    regard to all claims and granted Plaintiff's request to voluntarily dismiss Sheriff Smith.

20    Additionally, the Court dismissed proposed Doe defendant Csabanyi because Plaintiff failed to

21    adequately state a claim for relief against him and found that proposed Doe defendants Nguyen

22    and Nurse Myrna were entitled to summary judgment as a matter of law based on the facts

23    already known in the case.

24        On September 25, 2007, the Court also granted Plaintiff's request to file his proposed

25    amended complaint against Doe defendants Correctional Officers Bevan and Gill. On

26    November 26, 2007, Officers Bevan and Gill filed an Answer to the Amended Complaint.

27        On December 21, 2007, Officers Bevan and Gill filed a motion for summary judgment.

28    On June 18, 2008, the Court granted the motion for summary judgment as to Defendant Gill,

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Amended Motion for Summary
Judgment of Defendant Bevan                3                    C 05-01374 JF

1    and directed Defendant Bevan to file the instant amended motion for summary judgment.[1]

2                                         **IV.**

3                              **STATEMENT OF FACTS**

4             In the autumn of 2004, Plaintiff was an inmate at the Main Jail.  While playing handball

5    in a jail recreation area at approximately 9:30 p.m. on October 27, 2004, Plaintiff fell and

6    injured his left foot.  (Affidavit of Carmen Gonzalez to Authenticate Medical Records in

7    support of Defendants' (Toby Wong and Laurie Smith) Motion for Summary Judgment ¶¶ 1-6;[2]

8    Affidavit of Alexander Chyorny, M.D., in Support of Defendants' Motion for Summary

9    Judgment ("Chyorny Aff.") ¶ 3.)[3]  After Plaintiff's injury, Officer Harpreet Gill escorted

10   Plaintiff back to his cell on foot.  ("Amended Complaint to Add and Name Doe Defendants

11   under Civil Rights Action 42 U.S.C. § 1983" filed on or about July 13, 2006 ("Amended

12   Complaint") at p. 2.)  After bringing Plaintiff back to his cell, Officer Gill notified the medical

13   staff of Plaintiff's injury.  (Chyorny Aff. ¶ 3, Exhibit A).

14            At approximately 10:10 p.m., less than an hour after the injury, a nurse attended to

15   Plaintiff and gave him an ice pack.  (Chyorny Aff. ¶ 4.)  The nurse assessed a possible fracture

16   and arranged for Plaintiff to have an x-ray taken.  (*Id.*)  Because Plaintiff's injury occurred late

17   in the evening, an x-ray could not be taken until the following morning.  (*Id.* ¶ 5.)  Earlier in the

18   day, Plaintiff was administered three doses of Motrin, a pain reliever, from a prescription he had

19   received for an injury sustained two weeks earlier.  (*Id.* ¶¶ 6-7.)

20            The next day, Plaintiff was taken to the Main Jail infirmary to have an x-ray taken.

21   (Chyorny ¶ 8.)  The x-ray results, which were returned in the afternoon, indicated a fracture of

22

23

24   [1]The Court instructed Officer Bevan to file an amended motion for summary judgment as to the
     issue of qualified immunity only.  However, the Court's June 18, 2008 order does not address
25   Officer Bevan's Eighth Amendment defense presented in the December 21, 2007 motion for
     summary judgment.  Although this amended motion for summary judgment addresses only the
26   issue of qualified immunity, Officer Bevan does not waive his Eighth Amendment defense.

27   [2]Docket Item No. 30 (copy at Berkman Dec. Exh. 1)

28   [3]Docket Item No. 70 (copy at Berkman Dec. Exh. 2)

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Amended Motion for Summary
Judgment of Defendant Bevan                4                    C 05-01374 JF

Plaintiff's fifth metatarsal.[4]  (*Id.*)  Following standard procedure, infirmary staff referred

Plaintiff to Santa Clara Valley Medical Center ("VMC") for further treatment.  (*Id.*)  That same

day, Plaintiff was taken to VMC's Emergency Department by Officer Bevan.[5]  (*Id.* ¶ 8, Exh. E.)

     A transport officer taking an inmate to or from the hospital does not have the authority

to decide whether leg shackles can be removed.  (Affidavit of Captain Troy Beliveau in support

of Reply Brief in support of Defendants' (Officers Gill and Bevan) Motion for Summary

Judgment ("Beliveau Aff."), ¶ 5.)[6]  Leg shackles are to be used on all inmates going to the

hospital, regardless of classification level, unless a medical staff person makes the

determination that leg shackles would be a problem from a medical standpoint.  (*Id.* at ¶ 4.)

This determination is either made by Jail medical staff before the inmate is taken to the hospital,

or by hospital staff before the inmate is taken back to jail.  (*Id.* at ¶ 5.)  After this determination

is made, then the transport officer still has to obtain approval from the on-duty Sergeant at the

jail.  (*Id.*)  A decision is made by that Sergeant, after balancing medical and security needs, and

the Sergeant conveys it to the transport officer.  (*Id.*)

     Further, inmates have been known to fake injuries, inflict injuries, or exaggerate their

severity, in order to create opportunities to escape, so transport officers have to be very cautious

about taking a possibly injured inmate's word for what type of injury he or she may have, how

bad it might be, or what should be done to accommodate the injury.  (Beliveau Aff., ¶ 6.)

Additionally, Plaintiff was a Level IV inmate.  (*Id.* at ¶ 8.)  Level IV means that the inmate is at

the very highest end of the security spectrum.  (*Id.*)  Also, Plaintiff's records show that he was

considered a high risk escape inmate and he injured his foot only two days before his scheduled

sentencing.  (*Id.*)

---

[4]The fifth metatarsal is the bone on the outside of the foot that connects to the small toe.
(Chyrony Aff. ¶ 8.)

[5]Plaintiff alleges there was a second officer who escorted him to VMC on October 28, 2004.  To
date, Plaintiff has not identified the second escorting officer and Defendants have not been able
to ascertain his or her identity either.

[6]Docket Item No. 77 (copy at Berkman Dec. Exh. 3)

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Amended Motion for Summary
Judgment of Defendant Bevan     5     C 05-01374 JF

1    Plaintiff alleges that Officer Bevan was deliberately indifferent because Officer Bevan

2    informed him he did not have the authority to order a wheelchair for Plaintiff to transport him

3    from VMC to the van. Plaintiff, however, was given a strong pain reliever and a hard sole shoe

4    to wear prior to leaving the hospital. The purpose of the hard sole shoe is to prevent the injured

5    area from feeling the impact of Plaintiff's weight by redistributing Plaintiff's weight to the rest

6    of his foot. (Chyorny Aff., ¶ 18.) Also, the VMC medical staff offered Plaintiff crutches, but

7    he refused the crutches because he did not believe he could move safely with them. (Duarte

8    Aff., p. 3, lines 4-5.) Based on Plaintiff's injury, however, crutches were appropriate to assist

9    him in walking. (Chyorny Aff., ¶ 20.) An individual with Plaintiff's injury would still be able

10   to ambulate with crutches even when wearing shackles. (Id.) Finally, the same considerations

11   that govern any alteration of shackling requirements also pertain to the use of wheelchairs for

12   injured inmates. (Beliveau Dec. at ¶ 7.) Such a determination would have to be made by

13   medical professionals and approved by an on-duty Sergeant at the jail. (Id.)

14   After consulting with an orthopedist, VMC doctors diagnosed Plaintiff with an oblique

15   fracture of his left fifth metatarsal and gave him a hard-sole shoe to wear. (Chyorny Aff. ¶ 9.)

16   Plaintiff was also given prescriptions for Vicodin and Motrin and instructions to keep his foot

17   rested, iced, and elevated. (Id.) A follow-up appointment was made for the following week.

18   (Id. ¶ 9) When Plaintiff returned to the Main Jail, he was rehoused in a special medical unit and

19   given a wheelchair. (Id. ¶ 10.)

20   A few days later, on November 3, 2004, Plaintiff was seen by a doctor at the Main Jail

21   infirmary for a follow-up. (Chyorny Aff. ¶ 11.) Plaintiff told the doctor that he did not want a

22   cast for his foot because he did not want to remain in the special medical unit. (Id.) Plaintiff

23   was told to comply with the orders of his VMC doctors. (Id.) The next morning, Plaintiff had a

24   follow-up appointment at the VMC Orthopedic Clinic. (Id. ¶ 12.) Dr. David Sohn reviewed

25   Plaintiff's condition and told him to wear his hard-sole shoe for five weeks. (Id.) Plaintiff was

26   seen again by Main Jail medical staff the following day, where an orthopedist reviewed his

27   x-rays and told Plaintiff to continue wearing his hard-sole shoe. (Id. ¶ 13.) After determining

28   there was minimal displacement of the fracture, the orthopedist prescribed Motrin for Plaintiff's

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Amended Motion for Summary
Judgment of Defendant Bevan          6          C 05-01374 JF

1   pain relief. (*Id.*)

2          One month later, Plaintiff received one final check-up at the Main Jail infirmary.

3   (Chyorny Aff. ¶ 15.)  The staff found Plaintiff to be ambulatory with a steady gait. (*Id.*)  An

4   orthopedist determined that Plaintiff no longer needed crutches and could be reassigned out of

5   the special medical unit to live with the general inmate population. (*Id.* ¶ 16.)  Plaintiff received

6   no further medical treatment pertaining to his foot fracture. (*Id.* ¶ 17.)

7                                          **V.**

8                                **STANDARD OF REVIEW**

9          A party moving for summary judgment is entitled to judgment as a matter of law if there

10  is no genuine issue as to any material fact. (Fed. R. Civ. P. 56(c).)  To avoid summary

11  judgment, a plaintiff must provide proof of specific facts establishing the existence of all

12  essential elements for which he or she bears the burden of proof at trial. (*Celotex Corp. v.*

13  *Catrett*, 477 U.S. 317, 324 (1986).)  Plaintiff may not simply rely on the allegations made in his

14  complaint. (*Id.* at 322-23.)  If Plaintiff fails to produce evidence sufficient to create a genuine

15  issue, Rule 56(c) mandates entry of summary judgment for Officer Bevan. (*Id.*)

16                                        **VI.**

17                                    **ARGUMENT**

18  **A.    OFFICER BEVAN IS ENTITLED TO QUALIFIED IMMUNITY**

19         Public officials acting in their official capacity are entitled to qualified immunity from

20  Section 1983 liability for discretionary acts that do not violate clearly established federal

21  statutory or constitutional rights of which a reasonable person would have known. *Harlow v.*

22  *Fitzgerald*, 457 U.S. 800, 818 (1982).  To defeat a defense of qualified immunity, a plaintiff

23  must prove that the right allegedly violated was "clearly established" at the time of the

24  violation. *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991).  A right becomes

25  clearly established only when it is enunciated by closely analogous pre-existing case law or

26  when the conduct "is so patently violative of the constitutional right that reasonable officials

27  would not know without guidance from the courts that the action was unconstitutional." *Deorle*

28  *v. Rutherford*, 272 F.3d 1272, 1286 (9th Cir. 2001).  "If the law did not put the officer on notice

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Amended Motion for Summary
Judgment of Defendant Bevan            7            C 05-01374 JF

1    that his conduct would be clearly unlawful, summary judgment based on qualified immunity is

2    appropriate." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

3          Here, Plaintiff has not met his burden to show that Defendant Bevan violated a clearly

4    established constitutional right.  Even assuming that Defendant Bevan was deliberately

5    indifferent to Plaintiff's injury, he could not have known that his actions violated the

6    Constitution.  There is no evidence that Officer Bevan knew Plaintiff had a broken foot.[7]

7    Officer Bevan had not received any instruction from medical staff that he needed to remove the

8    leg shackles or obtain a wheelchair for Plaintiff, and Plaintiff had received a strong pain

9    reliever, crutches and a hard sole shoe to assist him in walking back to the van from the

10   hospital.  As a transport officer, Officer Bevan lacked the authority to decide whether Plaintiff's

11   leg shackles could be removed.  (Beliveau Aff., ¶ 5.)  Moreover, there is no evidence to suggest

12   that Officer Bevan should have unshackled Plaintiff, considering that Plaintiff was a high risk

13   escape inmate at the highest end of the security spectrum.  (*Id*. at ¶ 8.)

14         Therefore, it appears the "right" Plaintiff is asserting is that Officer Bevan should have

15   unshackled Plaintiff and given him a wheelchair at the hospital, regardless of whether it was

16   recommended by medical staff and regardless of security concerns.  Plaintiff,  however, cannot

17   point to any authority clearly establishing such a "right."  Thus, because Defendant Bevan was

18   not on notice that his alleged conduct may violate Plaintiff's constitutional rights, he is entitled

19   to qualified immunity.  See *Saucier*, 533 U.S. at 202.

20   / /

21   / /

22   / /

23   / /

24   / /

25   / /

26

27   ———————————————

[7] Plaintiff mistakenly relies on Exhibit E to his declaration to show that Officer Bevan knew his
28   foot was broken.  Exhibit E, however, simply shows that Officer Bevan transported Plaintiff to
     the hospital.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Amended Motion for Summary
Judgment of Defendant Bevan                    8                      C 05-01374 JF

# VII.

## CONCLUSION

Based on the foregoing, Defendant Bevan asks the Court to grant his summary judgment motion in its entirety and dismiss this action with prejudice.

Dated: July 17, 2008

Respectfully submitted,

ANN MILLER RAVEL
County Counsel

By:  _____/S/_____
MARCY L. BERKMAN
Deputy County Counsel

Attorneys for Defendant
OFFICER MARTYN BEVAN

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Amended Motion for Summary
Judgment of Defendant Bevan                    9                    C 05-01374 JF

1

UNITED STATES DISTRICT COURT

2

NORTHERN DISTRICT OF CALIFORNIA

3

PROOF OF SERVICE BY MAIL

4

5    *Duarte v. County of Santa Clara, et al.*                                    No. C 05-01374 JF

6          I, Anna Marie B. Espiritu, say:

7          I am now and at all times herein mentioned have been over the age of eighteen years,
employed in Santa Clara County, California, and not a party to the within action or cause; that

8    my business address is 70 West Hedding, East Wing, 9th Floor, San Jose, California 95110-
1770.  I am readily familiar with the County's business practice for collection and processing of

9    correspondence for mailing with the United States Postal Service.  I served a copy of the
**NOTICE OF AMENDED MOTION AND AMENDED MOTION FOR SUMMARY**

10   **JUDGMENT OF DEFENDANT OFFICER MARTYN BEVAN; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF,** by placing said copy in an

11   envelope addressed to:

12         Eric Duarte, T-24814
           Salinas Valley State Prison

13         Facility A4-235-L
           P.O. Box 1050

14         Soledad, California 93960-1060

15   which envelope was then sealed, with postage fully prepaid thereon, on **July 17, 2008**,
and placed for collection and mailing at my place of business following ordinary business

16   practices.  Said correspondence will be deposited with the United States Postal Service at San
Jose, California, on the above-referenced date in the ordinary course of business; there is

17   delivery Service by United States mail at the place so addressed.

18         I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct, and that this declaration was executed on **July 17, 2008**, at San

19   Jose, California.

20

21                                                        _Anna Marie B. Espiritu_
                                                          Anna Marie B. Espiritu

22

23

24

25

26   135014.wpd

27

28

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California