ERIC DUARTE/T-24184/A4-137
P.O. BOX 1050,
SALINAS VALLEY STATE PRISON
SOLEDAD, CALIFORNIA 93960-1050



FILED
AUG 11 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC DUARTE,
    Plaintiff,

Vs.

Laura Smith Sheriff of Santa
Clara County, et al.,
    Defendant(s).

CASE No. C 05-01374 JF

PLAINTIFF ERIC DUARTE'S OPPOSITION
TO THE AMENDED MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT OFFICER
MARTYN BEVAN

This is a 42 U.S.C. §1983 Civil Rights action filed by a State prisoner at Salinas Valley State Prison, seeking compensatory and punitive damages for the deliberate indifference to his serious medical condition.

Plaintiff contends that Defendant Bevan caused him unnecessary and wanton infliction of pain and suffering in violation of the Eighth Amendment by forcing him to walk on his injured foot.

(1)

## STATEMENT OF FACTS

Plaintiff was an inmate at the main jail at Santa Clara County Jail. While playing handball in the jail's recreation area at approximately 9:30 p.m. On October 27,2004,Plaintiff sliped and fell,Breaking his Fifth Metarsal bone.(Aff.of Carmen Gonzales to authenticate plaintiff's medical records and Aff. of plaintiff Eric Duarte to authenticate that records was recieved through discovery.(See Exibit"B".Duarte-00075).See also (Duarte's Aff.in support of his Opp.Motion.¶¶;2-17.)

After notifying correctional officer Gill (C/O Gill),Badge No.2528 of his injury plaintiff was then cuffed and made to walk walk back to his cell.(See Exh."C".Duarte 00162.) see also (plaintiff's Aff.¶¶23-27.)
At approximately 10:00p.m. Nurse Myrna was contacted by C/O gill (see Exh."A",Duarte 00052.)

At approximately 10:30 p.m. Nurse Myrna came to see Duarte's injured foot(se Exh."C",Duarte 00161.) Nurse Myrna assesse plaitniff's injury as being"(L)toe slightly reddened,c/o pain & inability to move (L) 5th toe,slightly swollen.A-sprain Vs.Fx (Exh."A",Duarte 00052.) Duarte was given motrin and a mild pain reliever and an ice pack(Id.) The following day October 28,2004,at approximately 10:00a.m.,X-Rays were taken of Duarte's Left Foot. The X-Ray Technition notified plaintiff and the c/o escorting plaintiff that his foot was broken.(See X-Rays attached to Duarte' Decl.)Duarte's Aff.¶¶2;16-20.)

///

///

(2)

After being made to walk back to his cell unassisted, in leg shackles, plaintiff filled out an inmate greivance complaint for emergency medical treatment(Id.¶¶2:20-21.) This grievance was granted. At approximately 2:00p.m. that same afternoon Duarte's X-Rays were finally read by Dr.Nguyen, Duarte was then pulled out of his cell to be transported to Valley Medical Center(V.M.C)(See Exh."D", Duarte 0166.) See also(Exh."A", Duarte 00052.)

At approximately 4:30 P.m. C/O Bevan, Bade No.1597, and his his partner (Unknown officer Jane Doe) were the officer(s) that escorted Duarte to VMC. C/O Bevan knew Duarte had a broken foot.(See (Exh."E", Duarte 00149.) Duarte was made to walk on his broken foot in leg Shackles by C/O Bevan and Unknown Officer Jane Doe.(Duarte's Aff.¶¶2:23-3:1.) VMC Triage RN Katherine listed Duarte's pain level as 9/10 (Exh."B", Duarte 0073.) X-Rays taken at VMC showed Metatorsal 5 Shaft spiral Fracture (Id. Duarte 00075.) Plaintiff was then discharged from VMC with instructions to wear Orthopedic Shoe and Crutches and to use a ice pack to foot 3 times a day and prescribed Vicodine 5/500mg for pain (See Exh."B", Duarte 00072.) Duarte refused to use the crutches because of the Danger they placed him in. (see Duarte's Aff.¶¶3:3-5.) Duarte requested a wheelchair but was denied and made to walk to the Van that was to take return him back to the County Jail(Id.3:7-8.) at 2030 hrs Duarte returned back to the County jail, 3rd East Max, and returned back to his cell.(See Exh."D", Duarte 0167.)

///

1  The following day, October 29, 2004, Duarte was scheduled for criminal court (sentencing). Duarte refused to walk to the courthouse and requested a wheelchair. He was denied the wheelchair. Duarte then filed an inmate grievence to be given a wheelchair and to be housed in the medical unit(Duarte's Aff.¶3:11-16.) This grievence was approved, Duarte was then transfered from 3rd East Max to Medical Unit when he returned from court.(See Exh."A",Duarte 00052.)

C/) Gill filled out an inmate injury report stating that Duarte' injury was minor and that Duarte only had a sprained foot. C/) Gill's supervisor, Sgt. Csabanyi signed and approved this report.(see Exh."C",pg.2.)

Duarte suffered excrutiating pain from 9:30 on 10/27/2004, and continuing through 10/28/2004, when he was transferred to VMC at 3:30 p.m. at which time Duarte was again forced to walk on his broken foot by C/O Bevan.(see Exh."D".pg 1.)

C/O Bevan placed Duarte in leg iron shackles, transported Duarte to VMC without a wheelchair, forced Duarte to walk on his broken foot with the leg irons on, further causing the wanton infliction of excruciating pain.(See Exh."E",pg.1.)

On October 29, 2004, Duarte was transfered to 2B medical facility because he could not walk on his foot. While in 2B Medical Facility Duarte was denied the pain medication that the Doctor prescribed at VMC for his pain.

///
///

(4)

Duarte filed an inmate complaint that he was recieving Motrin by the jail medical staff instead of the prescribed Vicodine for the excruciating pain he was experiencing.(see Exh."F".pg.1.)

The level of pain Duarte experienced continued from 10/27/2004, through 2/28/2004. Duarte filed an inmate medical request form on 11/1/2004,complaining of the excruciating pain.(SeeExh."F", pg.22.)

Duarte filed another inmate Appeal complaining of the excruciating pain.(see Exh."G",pg1.)"Duarte stated that he was still in extreme pain and discomfort.

### 1. THE GUARDS FAIL TO EVALUATE THE EVIDENCE IN THE LIGHT MOST FAVORABLE TO DUARTE

It is well settled that in reviewing a motion for Summary Judgment,this Court views the evidence in the light most favorable to the nonmoving party. Summary Judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.See Fed.R.Civ.P.56(c). In this respect,the evidence must be viewed in the light most favorable to Duarte.

In their motion for Summary Judgment,However,The guards have consistently failed to address the evidence according to this well settled standard. In arguing their position,the Guards have cherry-picked pieces of evidence from the record,and then made sweeping inferences from this select evidence. Such analysis is improper and ultimately inapprosite. The Guard's failure to argue the evidence according to the proper standard is a
///

(5)

1  ringing admission that summary judgment is inappropriate here.

2

3  ## LEGAL STANDARD

4

5  Summary Judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. See Fed.R.Civ.P.56(c)."At the summary judgment stage the Judge's function is not [him]self to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial". Anderson v. Liberty Lobby Inc,477 U.S.242,249(1989). The judge does not make credibility determinations with respect to affidavits,discovery documents,or depositions,and must view the evidence in the light most favorable to the nonmoving party. see T.W.Elec Serv. v. Pacific Elec. Contractors Ass'n,809 F.2d 626,630 (9th Cir.1987.)"If a rational trier of fact might resolve the issue in favor of the nonmoving party,summary judgment must be denied."Id at 631.

///
///
///

# ARGUMENT

## DEFENDANT BEVAN IS NOT ENTITLED TO QUALIFIED IMMUNITY

Defendant Bevan argues that he is entitled to qualified immunity because "There is no evidence that Officer Bevan knew Plaintiff had a broken foot, and that Defendant Bevan was not on notice that his alleged conduct may violate Plaintiff's constitutional rights, he is entitled to qualified immunity."

The Defendant's first argument, that they did not violate any of plaintiff's constitutional rights, is as mentioned previously, intertwined with the merits of the case. Also mentioned above, the merits of the case cannot be adjudicated in favor of the defendant at summary judgment because the multiple disputes of material facts preclude finding for the defendant as a matter of law.

Summary judgment is not appropriate for defendant Bevan on a qualified immunity defense, because, like his argument on the merits of the deliberate indiffernce claim, Defendant Bevan's qualified immunity analysis depends on an acceptance of his version of the facts.

Defendant Bevan's second argument, whether his behavior was unlawful from the perspective of a reasonable officer in the situation, is a re-statement of the standard for determining whether an alleged constitutional right is "clearly established"

See <u>Saucier Vs. Katz</u> 533 U.S. 194, 202 (2001)

However, the Defendant claim that "Plaintiff has not met his burden to show that defendant Bevan violated a clearly established constitutional right." (Def's. Amended Mot.¶8:3-6.)

Taken in the light most favorable to Plaintiff, the Defendant were aware that Plaintiff was suffering severe pain in his broken foot with the bone protruding out,(which was visible to the eye) and that this pain was excruciating.

The Defendant failed to mention that he was the one who escorted Plaintiff too and from the Valley Medical Center,(VMC) and he knew Plaintiff's foot was broken. If he didn't know whether or not forcing Plaintiff to walk on his broken foot even after Plaintiff asked for a wheelchair, Defendant Bevan should have checked to make sure he was not violating Plaintiff's constitutional rights. Instead, he forced Plaintiff to walk on his broken foot.

The United State Supreme Court settled the law in <u>Farmer Vs Brennan</u> 114 S.Ct. 1970 (1994)(So...it would have been clear to a reasonable prison official that if he knew about an excessive risk to inmate saftey,...he would violate the law by disregarding it.)

Moreover, at summary judgment, Plaintiff is entitled to a reasonable inference that because the defendant knew he was suffering from a broken foot, the defendant knew Plaintiff faced a substantial risk of permanent damage.

A reasonable correctional officer would know that deliberate indiference to an inmate's serious medical need would be unlawful.

In the light most favorable to the Plaintiff, the facts establish that Defendant Bevan knew Plaintiff had a broken foot, but nevertheless, he forced Plaintiff to walk on his broken foot. See Harlow Vs. Fitzgerald 457 U.S. 800, 818, 102 S.Ct. 2727 ("The question has also been stated as whether a reasonable officer could have believed his action to be unlawful, in light of clearly established law and the information the defendant possessed.")

The U.S. Supreme Court has discribed qualified immunity as extending to officials performing discretionary function. Defendant Bevan exceeded his discretion when he forced Plaintiff to walk on his broken foot.

Further, Defendant Bevan demonstrated deliberate indifference when he forced Plaintiff to walk on his broken foot in leg iron. The leg iron inflicted unbearable pain to Plaintiff's already broken foot. Plaintiff asked Defendant Bevan for a wheelchair which was available but denied. Defendant Bevan transported Plaintiff to VMC without the assistance of a wheelchair or crutches. (See Exh."D,Pg.1, and Exh."F, Pg. 1")Duarte's Aff. Pg.2,Line 23-26)

The Department of Corrections Operation Manual, Section 52050.11.3 states in pertinent part:"When Mechanical Restraints becomes necessary, no restraint equipment shall be placed about the neck nor applied in any way as to inflict pain, undue physical

discomfort, restriction of blood circulation or breathing.

When mechanical restraints is required, handcuffs alone or attached to a waist chain shall be the usual method. Other specialized restraints, such as leg irons or additional chains, may be permitted only when it appears that immediate circumstances exists to justify the use of such mechanical restraints." See Howard Vs. Adkison 887 F.2d 134, 140(8th Cir.1989)("Defendant who act in violation of prison policies were not immune.")

While Defendant Bevan claim he were not aware that Plaintiff's condition posed a substantial risk of serious harm, such claim would raise a dispute of material fact that must be determined by the factfinder. At summary judgment, however, Plaintiff is entitled to the reasonable inference that Defendant Bevan making Plaintiff walk on his broken foot would cause excruciating pain after he were notified that Plaintiff had a brokened foot. This excruciating pain alone constitutes actual "serious harm" as Plaintiff's Declaration alleges that this pain was excruciating.

For the forgoing reasons, the Court should deny defendant's motion for summary judgment. There is sufficient evidence for a reasonable factfinder to find that Defendant Bevan were deliberate indiferent to Plaintiff's serious medical condition, and are not protected by qualified immunity.

                              RESPECTFULLY
                              SUBMITTED

DATED: AUGUST 7th ,2008

                              /S/ Eric Duarte
                                  ERIC DUARTE/PLAINTIFF

ERIC DUARTE, T-24814
Salinas Valley State Prison
Facility A4.235
P.O. Box 1050
Soledad, California 93960-1060

LEGAL MAIL

STATE PRISON
GENERATED MAIL

OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
280 SOUTH FIRST STREET, ROOM 2112
SAN JOSE, CALIFORNIA 95113-3095



US POSTAGE $02.02
AUG 08 2008
MAILED FROM ZIP CODE 93960



08-07-08

QUALITY PARK
10 x 12