ANN MILLER RAVEL, County Counsel (S.B. #62139)
MARCY L. BERKMAN, Deputy County Counsel (S.B. #151915)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding, East Wing, Ninth Floor
San Jose, California  95110-1770
Telephone:  (408) 299-5900
Facsimile:  (408) 292-7240

Attorneys for Defendant
OFFICER MARTYN BEVAN

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(SAN JOSE)

| | |
|---|---|
| ERIC DUARTE,<br><br>      Plaintiff,<br><br>v.<br><br>LAURA SMITH SHERIFF OF SANTA CLARA COUNTY, et. al.,<br><br>      Defendants. | No.  C 05-01374 JF<br><br>**REPLY IN SUPPORT OF AMENDED MOTION FOR SUMMARY JUDGMENT OF DEFENDANT OFFICER MARTYN BEVAN**<br><br>Judge:   Honorable Jeremy Fogel<br>Crtrm.:  3, 5th Floor<br>Date:    Not Applicable |

**I.**

**INTRODUCTION**

While playing handball, Plaintiff fractured his fifth metatarsal – a small bone that connects the foot to the little toe.  Plaintiff alleges that Defendant Bevan, who transported Plaintiff to and from Santa Clara Valley Medical Center ("SCVMC" or "the hospital"), violated Plaintiff's constitutional rights by making Plaintiff walk between the transport vehicle and the building rather than unshackling plaintiff and providing him with a wheelchair.  Plaintiff has not met his burden of showing that Defendant Bevan violated a constitutional right.  Defendant Bevan is immune from suit under the doctrine of qualified immunity.

//

//

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Reply in Support of Amended Motion
for Summary Judgment of Defendant Bevan       1                         C 05-01374 JF

## II.

## THE MATERIAL FACTS ARE UNDISPUTED

The material facts as set forth in the moving and opposition papers are undisputed. Plaintiff was a Level IV inmate at the highest end of the security spectrum, and was considered to be at high risk for an escape attempt. Two days before Plaintiff was scheduled for sentencing, Plaintiff injured his left foot while playing handball.

The nurse observed that Plaintiff's fifth left toe was slightly reddened and slightly swollen and Plaintiff was complaining of pain and inability to move that toe.[1] The nurse assessed that Plaintiff's toe was either sprained or fractured. After x-rays revealed a fracture of the fifth metatarsal (the small bone connecting the foot to the little toe), Plaintiff was taken to VMC for further treatment.

Officers transporting inmates to and from the hospital do not have authority to decide whether leg shackles can be removed or whether wheelchairs may be used in transporting the inmate. Leg shackles are required on all inmates going to the hospital unless a medical staff person has determined that this would present a medical problem. Such a determination is either made by Jail medical staff before the inmate is taken to the hospital, or by hospital staff before the inmate is taken back to jail. If medical staff determine that use of shackles during transport would present a medical problem, the on duty Sergeant then balances medical need against security needs and conveys to the transport officer his decision regarding whether or not the shackles may be removed. The same procedures and considerations also govern the use of wheelchairs in transporting injured inmates to and from the hospital. Because inmates have been known to fake injuries, inflict injuries, or exaggerate their severity, in order to create opportunities to escape, a great deal of caution must be exercised about taking an inmate's word for what type of injury he or she may have, how bad that injury might be, or what should be done to accommodate the injury.

---

[1] Both the factual section of Plaintiff's brief (P. Br. at 2:17-19) and the nursing notes that Plaintiff attaches as Exhibit B thusly describe Plaintiff's injury. Plaintiff does not create a material issue of fact by later, without evidentiary support, characterizing his foot as having a bone protruding out. (Pl. Br at 8:¶ 2).

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Reply in Support of Amended Motion
for Summary Judgment of Defendant Bevan            2            C 05-01374 JF

1  Medical staff did <u>not</u> advise that Plaintiff's medical condition indicated that Plaintiff
2  should be transported to and from the hospital without shackles or in a wheelchair.  As
3  required, Defendant Bevan transported Plaintiff to and from SCVMC in shackles.  Plaintiff
4  was discharged from SCVMC with the following medical instructions regarding his mobility:
5  "weight bearing as tolerated with Ortho Shoe and crutches as needed until f/u appointment."
6  (Pl. Opp at 3:17-18; Bevan Aff. Exh B.)   Plaintiff declined to use crutches and was not
7  provided a wheelchair to transition him from SCVMC into the transport van that returned him
8  to the jail.

## III.

### PLAINTIFF'S CONSTITUTIONAL RIGHTS WERE NOT VIOLATED AND BEVAN IS ENTITLED TO QUALIFIED IMMUNITY

The constitution does not mandate comfortable prisons, but neither does it permit inhumane ones.  *Farmer v. Brennan*i, 511 U.S.825, 832 (1994).  A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious.  See *Farmer v. Brennan*, 511 U.S. at 834; and (2) the prison official possesses a sufficiently culpable state of mind – i.e., that the offending conduct was wanton.  *Id*.

In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective first component of an Eighth Amendment claim, a court must need consider the circumstances, nature, and duration of the deprivation.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).   What is required to establish the second element of an unnecessary and wanton infliction of pain varies according to the nature of the alleged constitutional violation.  *Whitley v. Albers*, 475 U.S. 312, 320 (1986).  In cases concerning conditions of confinement, such as this one, the necessary state of mind is one of "deliberate indifference."  *See e.g. Farmer*, 511 U.S. a 834 (inmate safety); *Helling v. McKinney*, 509 U.S. 25. 31 (inmate health); *Estelle v. Gamble* 429 U.S. 97, 104 (1976)(inmate health).  Neither negligence nor gross negligence will constitute deliberate indifference.  *See Farmer*, 511 U.S. at 835-36 & n. 4.  A prison official cannot be held liable under the Eighth Amendment for denying an inmate

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Reply in Support of Amended Motion
for Summary Judgment of Defendant Bevan         3                    C 05-01374 JF

1  humane conditions of confinement unless the standard for criminal recklessness is met, i.e.,
2  the official knows of and disregards an excessive risk to inmate health or safety. *Id*. at 837.
3  The official must both be aware of the facts from which the inference could be drawn that a
4  substantial risk of serious harm exists, and he must also draw the inference. *Id.*

Plaintiff has failed to establish either *Farmer* element with respect to Officer Bevan. It is undisputed that jail medical staff <u>did not</u> advise that transportation staff that shackles would cause medical problems and should not be used in transporting Plaintiff to the hospital. It is undisputed that Bevan <u>did not</u> have the authority to remove Plaintiff's shackles en route to the hospital. It is undisputed that the doctor instructed Plaintiff that he should bear weight on the foot with an orthopedic shoe and crutches until seen for his follow up appointment. It is undisputed that after examining Plaintiff, the doctor at the hospital gave Plaintiff a strong pain reliever and an orthopedic shoe that would redistribute plaintiff's weight to the rest of his foot and away from the injured metatarsal. It is undisputed that Plaintiff was offered crutches that would have assisted him in walking, but refused them. It is undisputed that the hospital doctor <u>did not</u> advise that the shackles would cause medical problems and therefore should not be used in transporting Plaintiff back to the jail. It is undisputed that the hospital doctor <u>did not</u> instruct that walking would cause medical problems and that therefore a wheelchair should be used to take Plaintiff back to the transport vehicle that would return him to the jail. And it is undisputed that Bevan had no authority to remove Plaintiff's shackles or authorize use of a wheelchair for the return trip from the hospital.

A non-moving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by the factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1988). Instead, the opposition must set forth specific facts by producing competent evidence that shows a genuine issue for trial. F.R.C.P. Rule 56(e); *Celotex Corp v. Catrett*, 477 .S. 317, 323 (1986); *Leer v. Murphy*, 844 F. Plaintiff has not met that burden.

## IV.

### OFFICER BEVAN IS ENTITLED TO QUALIFIED IMMUNITY

Public officials acting in their official capacity are entitled to qualified immunity from

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Reply in Support of Amended Motion
for Summary Judgment of Defendant Bevan     4     C 05-01374 JF

Section 1983 liability for discretionary acts that do not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To defeat a defense of qualified immunity, a plaintiff must prove that the right allegedly violated was "clearly established" at the time of the violation. *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991). A right becomes clearly established only when it is enunciated by closely analogous pre-existing case law or when the conduct "is so patently violative of the constitutional right that reasonable officials would not know without guidance from the courts that the action was unconstitutional." *Deorle v. Rutherford*, 272 F.3d 1272, 1286 (9th Cir. 2001). "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

Here, Plaintiff has not met his burden to show that Defendant Bevan violated a clearly established constitutional right. Even assuming that Defendant Bevan was deliberately indifferent to Plaintiff's injury, he could not have known that his actions violated the Constitution. Contary to Plaintiff's conclusory assumption, there is no evidence that Officer Bevan knew Plaintiff had a broken foot.[2] It is undisputed that Officer Bevan did not receive any instruction from medical staff that Plaintiff's leg shackles needed to be removed or that Plaintiff medically required the use of a wheelchair to move him to the transport vehicle. Further, Plaintiff's doctor provided Plaintiff with a strong pain reliever, crutches and an orthopedic shoe to assist him in walking.

As a transport officer, Officer Bevan lacked the authority to decide whether Plaintiff's leg shackles could be removed. Moreover, there is no evidence to suggest that Officer Bevan should have unshackled Plaintiff or provided him a wheelchair, especially considering that Plaintiff was a high risk escape inmate at the highest end of the security spectrum.

Plaintiff appears to be asserting a right to have Officer Bevan unshackle him and give

---

[2] Plaintiff mistakenly relies on Exhibit E to his declaration to show that Officer Bevan knew his foot was broken. Exhibit E, is simply a page from Bevan's medical records that shows that Plaintiff had a fractured metatarsal and that Officer Bevan transported Plaintiff to the hospital.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Reply in Support of Amended Motion
for Summary Judgment of Defendant Bevan          5          C 05-01374 JF

him a wheelchair at the hospital, regardless of whether such was recommended by medical staff and regardless of security concerns. Plaintiff has not identified any authority clearly establishing such a "right." Thus, because Defendant Bevan was not on notice that his alleged conduct may violate Plaintiff's constitutional rights, he is entitled to qualified immunity. See *Saucier*, 533 U.S. at 202.

## V.

## CONCLUSION

The undisputed material facts, as set forth in the moving papers and Plaintiff's opposition, evidence that Officer Bevan did not violate Plaintiff's Eighth Amendment rights. Further, Plaintiff had no clearly established right, of which Defendant Bevan should have known, to be transported unshackled or in a wheelchair when being taken to the hospital for the injury to his little toe. Accordingly, summary judgment should be granted in favor of Defendant Bevan and the case should be dismissed in its entirety.

Dated: August 13, 2008                    Respectfully submitted,

                                          ANN MILLER RAVEL
                                          County Counsel

                                    By:         /S/
                                          MARCY L. BERKMAN
                                          Deputy County Counsel

                                          Attorneys for Defendant
                                          OFFICER MARTYN BEVAN

139007.wpd

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Reply in Support of Amended Motion
for Summary Judgment of Defendant Bevan         6                    C 05-01374 JF