NOT FOR CITATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| ERIC DUARTE, | ) | No. C 05-01374 JF (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING** |
| | ) | **DEFENDANTS' AMENDED** |
| | ) | **MOTION FOR SUMMARY** |
| vs. | ) | **JUDGMENT** |
| | ) | |
| | ) | |
| LAURIE SMITH SHERIFF OF SANTA | ) | |
| CLARA COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | (Docket Nos. 85, 93) |

Plaintiff, a California state prisoner proceeding pro se, filed the instant civil rights action under 42 U.S.C. § 1983, alleging that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Defendants move for summary judgment on the ground that they are protected from suit by the doctrine of qualified immunity. Plaintiff has filed opposition to the motion, and Defendants have filed a reply. After reviewing the briefs, the Court concludes the remaining defendants, Martyn Bevan and an unnamed correctional officer, are protected from suit by qualified immunity and will GRANT Defendants' motion.

**BACKGROUND**

Plaintiff alleges that Martyn Bevan, a correctional officer at the Santa Clara County Main Jail, caused him unnecessary pain and suffering by forcing him to walk on his injured foot, rather than providing a wheelchair for assistance.[1] Pl.'s Opp. to First Mot. Summ. J. at 4. More specifically, Plaintiff alleges that on October 28, 2004, which was the day after he injured his foot, Officer Bevan "made" Plaintiff walk on his broken foot twice: when he escorted Plaintiff into the Santa Clara Valley Medical Center ("SCVMC") and when he escorted Plaintiff back to the van after his discharge from the medical center. Id. Plaintiff asserts that he was discharged from the medical center with instructions to wear an orthopedic shoe, use crutches, apply an ice pack to the injury, and to take Vicodin. Id. at 4-5. Plaintiff alleges that he was denied the use of wheelchair, that he refused to use crutches because the leg shackles and other restraints made it "impossible" to use them.[2] Plaintiff states that he had great difficulty stepping into the van and ended up falling on his stomach because the pain was so great. Pl.'s Decl. (Docket No. 75) at 2.

Plaintiff's initial complaint, which was assigned to Judge Wilken, named Sheriff Laurie Smith, Jail Commander Toby Wong, and then-unnamed medical staff and correctional officers as defendants.[3] Docket No. 1. Plaintiff later filed an amended complaint naming other defendants. Docket No. 60. Judge Wilken granted Defendants' motion for summary judgment as to the claims against Defendants Smith, Wong, Nguyen, Myrna, and Csabanyi, leaving only Officers Harpreet Gill and Martyn Bevan and an unnamed person as Defendants.[4] Docket Nos. 57, 59. In the same order, Judge Wilken found that there was a triable issue of fact as to whether Plaintiff's foot injury constituted a serious medical need. Docket No. 59 at 9. After the case was

---

1. Plaintiff alleges that "[w]hile playing handball in the jail's recreation area at [] 9:30 P.M. on October 27, 2004, [he] slip[p]ed and fell, breaking his left fifth meta[tarsal] bone." Pl.'s Opp. to First Mot. Summ. J. at 3.

2. Defendants assert that Officer Bevan had been directed to keep Plaintiff shackled and that Bevan had no authority to allow Plaintiff to use a wheelchair. Reply (Docket No. 76) at 6, 7.

3. The action was reassigned in November 2007. Docket No. 67.

4. Plaintiff had filed a request to dismiss Smith as a defendant.

reassigned to this Court, Defendants Gill and Bevan filed an answer and their first motion for summary judgment. Docket Nos. 68, 69. The Court granted in part Defendants' first motion for summary judgment, dismissing Defendant Gill, and ordered the remaining defendant, Officer Bevan, to show whether he is protected by qualified immunity, which is the question Defendants' amended motion for summary judgment addresses. Docket No. 82.

**DISCUSSION**

**I.    Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its' own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). It is not the task of the court to scour the record in search of a genuine issue of triable fact. Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable

particularity, the evidence that precludes summary judgment.  Id.  If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law."  Celotex Corp v. Catrett, 477 U.S. at 323.

**II.      Qualified Immunity**

Plaintiff alleges that Officer Bevan and a unnamed defendant, whose actions are identical to Bevan's, did not provide Plaintiff with a wheelchair, but rather "forced" him in and out of the van that transported him to SCVMC.  Am. Compl. at 2-4.  Defendants contend that Defendant Bevan is protected by qualified immunity.  Am. Mot. Summ. J. at 2.

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Claims of qualified immunity require a two-step analysis.  First, the court must consider whether the fact alleged, taken in the light most favorable to the party asserting the injury, show that the defendant's conduct violated a constitutional right.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  If the allegations do not establish the violation of a constitutional right, there is no necessity for further inquiries concerning qualified immunity.  Id. If the allegations could make out a constitutional violation, however, the court must then ask whether the right was clearly established – that is, whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  Id. at 202.  If an officer makes a reasonable mistake as to what the law requires, the officer is entitled to qualified immunity.  Id. at 205.

With respect to the first prong of the qualified immunity analysis, Judge Wilken found that there was a triable issue of fact whether Plaintiff's injury constituted a serious medical need.  Docket No. 59 at 9.  From this, the Court concludes that the facts which Plaintiff alleges, when viewed in the light most favorable to him, could show that Defendant Bevan's conduct violated Plaintiff's right under the Eighth Amendment to be free from acts or omissions constituting deliberate indifference.

The Court next looks to whether this right was clearly established at the time of the

confrontation. It was. It has long been the case that deliberate indifference to an inmate's serious medical needs can violate an inmate's Eighth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In light of the clearly established law in existence at the time of Defendant Bevan's actions, the sole remaining question is whether it would be clear to a reasonable officer standing in his position that his conduct was unlawful in the situation he confronted, that is, that it was unlawful to have Plaintiff walk to and from the van, rather than allowing him to use a wheelchair. Accepting Plaintiff's facts as true, the Court concludes that it would not be clear to a reasonable officer in Defendant Bevan's situation that his conduct was unlawful. Specifically, it would not be unreasonable for an officer in Defendant Bevan's position to believe that Plaintiff's pain was sufficiently controlled by his medication, the ice pack, and by the use of a hard-soled shoe – a belief strengthened by the fact that the record contains no evidence that the treating physician directed or suggested that Plaintiff should use a wheelchair,[5] and by the fact that Plaintiff was able to walk even without the crutches, which he refused to use. With these facts in mind, it is not unreasonable that Defendant Bevan believed, even if mistakenly, that walking approximately forty yards from the medical center to the van would not create a substantial risk of serious harm. See Pl.'s Aff. (Docket No. 74) at 2-3. Considering the short duration involved, the fact that Plaintiff would experience at least some pain no matter what palliative measures were taken – including the provision of a wheelchair – and the fact that Plaintiff was provided with medication, a hard-soled shoe, an ice pack, and crutches, the Court concludes that no reasonable trier of fact could find that Bevan's belief was unreasonable. Accordingly, Bevan and his similarly-situated unnamed co-defendant are entitled to qualified

---

5. A SCVMC medical report, dated October 28, 2004, notes that Plaintiff "[h]as been ambulatory on foo[t] with moderate to severe pain." Gonzalez Aff. (Docket No. 30), Ex. E. The prescribed treatment for Plaintiff was placement "in [a] hard walking shoe," the use of "crutches as needed," and the taking of "[V]icodin," and "[M]otrin." Id.

Order Granting  Defendants' Amended  Motion for Summary Judgment
G:\Pro-Se\SJ.JF\CR.05\Duarte374.msj2.grant.md            5

immunity.[6]

## CONCLUSION

For the reasons set forth above, the Court concludes that Defendant Bevan and the unnamed defendant are protected from suit by qualified immunity. Accordingly, Defendants' amended motion for summary judgment (Docket No. 85) is GRANTED. All claims, along with the complaint, are hereby DISMISSED WITH PREJUDICE. Plaintiff's motion for an extension of time to file a response to Defendants' reply to Plaintiff's opposition (Docket No. 93) is DENIED.

The Clerk shall enter judgment, terminate all pending motions, and close the file.

**IT IS SO ORDERED.**

DATED: 9/11/08

JEREMY FOGEL
United States District Judge

---

6. The claims against the unnamed defendant are dismissed because the alleged facts are the same against both remaining defendants. See Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 803 (9th Cir. 1995) (affirming grant of summary judgment in favor of nonappearing defendant where plaintiff, in response to a summary judgment motion filed by defendant who had appeared, had a "full and fair opportunity to brief and present evidence" on the dispositive issue as to claim against nonappearing defendant).